MAYOR, ETC., OF CITY OF NEW YORK v. BEST et al.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

1. COSTS—TAXATION—APPEAL FROM CLERK'S DECISION—WAIVER OF OBJECTIONS.
    Where plaintiff in conversion recovered less than $50, and the clerk refused to tax the costs in favor of defendants, as Code, § 3228, subd. 4, and section 3229, required him to do, plaintiff waived the objection that defendants' practice was wrong, in that they appealed from the clerk's decision, instead of moving for a new taxation, by failing to object that the practice was wrong, and acquiescing in the disposition of the question on its merits on appeal to special term.

2. SAME.
    It was too late to object for the first time on appeal that the papers before the court were insufficient, in that they did not contain an affidavit of what took place before the clerk.

Appeal from special term.

Action of conversion by the mayor, aldermen, and commonalty of the city of New York against John Best and John O'Reilly, in which plaintiff recovered less than $50, and defendants appealed from the refusal of the clerk to tax the costs in their favor to the special term.   From an order affirming the action of the clerk, defendants appeal.   Reversed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

George R. Carrington, for appellants.
John H. Greener, for respondent.

PER CURIAM.   An action entitled as above was brought by the plaintiff to recover the sum of $683.53, and interest from the 28th of August, 1896, alleged to be the value of 92 pieces of bluestone, the property of the plaintiff, which was converted by the defendants, and disposed of for their own use.   The answer denied each and every allegation of the complaint, except the one alleging a partnership of the defendants, which it admitted.   The issues thus made up were tried before a court and a jury, resulting in a verdict in favor of the plaintiff in the sum of $18.91, by direction of the court.

The recovery being less than $50, the defendants were entitled to costs.   Code, § 3228, subd. 4, and section 3229.   The clerk nevertheless refused to tax costs in favor of the defendants, and on their review at special term an order was made affirming this action.   In support of such order the respondent on this appeal urges, first, that the defendants' practice was wrong, in that they appealed from the decision of the clerk, instead of moving for a new taxation; at least two answers to such contention may be found in the record:   First, the plaintiff did not object that the defendants' practice was wrong, but, instead, acquiesced in the disposition of the question on its merits; second, the order recites that the defendants moved for a new taxation of costs, and denies such motion.

Respondent further objects that the papers before the court were insufficient, in that they did not contain an affidavit of what took place before the clerk.   This objection, made for the first time on appeal, is made too late.   The court, without any suggestion of irregularity in the practice, was permitted to pass on the merits, and thus by common consent all technical defects in the procedure were waived.   If the appeal brought up all the questions relating to the insufficiency and irregularity of the moving papers, we should doubtless answer the respondent's position by saying that an affidavit was not needed to show the action of the clerk on the taxation of the costs, in which he not only refused to tax costs in favor of the defendants, but gave his reasons for it.

The order should be reversed, with $10 costs and printing disbursements, and a motion for a retaxation be granted, with $10 costs.