JOHN McVEIGH, Respondent, *v.* CLAUDE V. GENTRY, Appellant.

*Municipal Court of New York city — jurisdiction of an action by a husband for loss of services of his wife from the error of a druggist — proof of the wife's intoxication as bearing on her credibility.*

The Municipal Court of the city of New York has jurisdiction of an action brought by a husband against a druggist, who sold to him carbolic acid for chloroform liniment, in consequence of which his wife's body was burned, to recover damages for the expenses incurred by him for medical aid and nursing and for the woman's incapacity to perform duties as a housewife.

In such an action, the defendant is entitled, upon the cross-examination of the plaintiff's wife, to ask her whether or not she had been drinking or was under the influence of liquor on the occasion of the accident, as such questions involve the credibility of her testimony.

The expression the "loss of society of a husband or wife," used in subdivision 2 of section 1364 of the Greater New York charter (Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466), conferring jurisdiction upon the Municipal Court of "An action to recover damages for a personal injury or an injury to property, excepting, however, actions to recover damages for an assault, battery, malicious prosecution, false imprisonment, libel, slander, criminal conversation, seduction or loss of society of a husband or wife, where the sum claimed does not exceed five hundred dollars," applies only to actions founded upon an intentional injury to the *consortium,* and not to one based upon an unintentional act which may result in the loss of services or society.

APPEAL by the defendant, Claude V. Gentry, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 20th day of November, 1901, upon the decision of the court.

*George C. Case,* for the appellant.

*Theodore H. Lord* and *Daniel W. Patterson,* for the respondent.

JENKS, J.:

The plaintiff complains that the defendant, a druggist, sold and delivered to him carbolic acid for chloroform liniment, and that his wife's body was burned by it. He sues for damages for his expenses due to medical aid and nursing, and to the woman's incapacity to perform duties as a housewife. At trial, the learned counsel for the defendant raised the question of jurisdiction upon the exception contained in subdivision 2 of section 1364 of the Greater New York charter (Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466). This section reads: "Except as provided in the next section, the said municipal court has jurisdiction in the following civil actions and proceedings, including an action against the City of New York or a domestic corporation or a foreign corporation having an office in the City of New York: * * *

" 2. An action to recover damages for a personal injury or an injury to property, excepting, however, actions to recover damages for an assault, battery, malicious prosecution, false imprisonment, libel, slander, criminal conversation, seduction or loss of society of a husband or wife, where the sum claimed does not exceed five hundred dollars."

I am of opinion that the expression "loss of society of a husband or wife" applies only to actions founded upon an intentional injury to the *consortium*, and not upon an unintentional act, as of negligence, which may result in the loss of services or society. I see no good reason why the court should have jurisdiction of actions based upon negligence, and yet be excluded from such an action because loss of services or of society constitute an element of damage resulting from the negligence. An application of the principle of *noscitur a sociis* to the antecedent words "criminal conversation, seduction," would also lead to this conclusion. The plaintiff does not complain of a "loss of society," but that the accident prevented or will prevent his wife from performing her customary duties as a housewife. He does not refer to marital duties, inasmuch as he alleges that since the accident she has lived and cohabited with him. Even if the allegation were susceptible of such a construction there is authority for recovery based upon such a loss as that of society. (*Jones v. Utica & Black River R. R. Co.,* 40 Hun, 349.) In this case, FOLLETT, J., said: "We have been unable to find an exact or

an approximate definition of the term 'loss of society.' Damages for this cause have been more frequently assessed in cases arising from intentional injuries to marital rights, * * *."

" Loss of services " is a basis for an action in negligence (*Filer* v. *N. Y. Central R. R. Co.*, 49 N. Y. 47, 56 ; *Zingrebe* v. *Union Railway Co.*, 56 App. Div. 555 ; *Butler* v. *M. R. Co.*, 143 N. Y. 417), and this case is supported by the familiar doctrine of *Thomas* v. *Winchester* (6 N. Y. 397). I think, however, that the learned court erred in rulings upon the evidence. The only direct testimony as to the occurrence was given by the plaintiff and his wife. She was asked, upon cross-examination, whether she had taken any liquor that day, or whether she had been taking stimulants on the evening of the occurrence, or whether she was not under the influence of liquor when her husband brought in the liniment, or whether she was so under the influence of liquor at the time of the accident, and from that time until the doctor came, as not to know what she was doing. This testimony was excluded as immaterial. I think that the questions went to the credibility of the witness, for if it had appeared that she was drunk at the time, that might involve, quite plainly, questions of her ability to testify, or of the value to be given to her version. (*Joyce* v. *Parkhurst*, 150 Mass. 243 ; *Stillwell* v. *Farewell*, 64 Vt. 286.)

The judgment should be reversed and a new trial ordered, costs to abide the final award of costs.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.