Rosenthal failed to pay the rent due on January 1, 1906, and on the 19th of January this proceeding was begun to regain possession of the premises for the default in payment of rent. Doelger was not made a party to the proceeding, and, as the tenant offered no defense, a final order was made and a warrant issued. Doelger thereupon moved that the final order be vacated and that he be permitted to come in and defend. From the order denying that motion he appeals.

It is not suggested that there is any defense to the proceeding in the ordinary sense of the term, and it is apparent that Doelger's real purpose is to get into a position where he can pay the rent and save the lease. Whether or not the final order should now be set aside and the proceeding reopened to let Doelger come in depends upon whether he was a necessary or a proper party to the proceeding in the first instance, if the landlord had had knowledge of his lien upon the lease. It seems to be quite clear that he was not. Summary proceedings of this character are strictly the creation of statute, and the proceedings therein are regulated by the statute. They are merely possessory in their nature, and it is the very apparent design of the statute that only tenants, or subtenants or parties actually in possession, shall be cited as respondents. Undoubtedly Doelger might have paid the rent at any time before the issuance of the final order for the purpose of protecting his security, and if he had offered to do so we think that the landlord would have been bound to accept the rent from him. Cole v. Malcolm, 66 N. Y. 363. But he was under no obligation to pay, and the landlord would have had no right to demand payment from him. It is undoubtedly unfortunate for Doelger that he has lost his security, but that he had done so is due to the character of the property upon which he made the loan, and upon his own neglect to take any measures to protect himself. He knew the terms of the lease, the amount of the rent, and when it was payable. He also knew that for nonpayment the tenant could be dispossessed and the lease canceled. It would not have been a difficult matter for the mortgagee to assure himself, as each rent period arrived, whether the rent was promptly paid or not, and, if necessary, to provide for its payment. The landlord was under no obligation to consult either the interest or the convenience of the mortgagee of the lease, but was justified, on nonpayment of the rent, to pursue the remedies given him by statute.

The final order must be affirmed, with costs. All concur.

(50 Misc. Rep. 360)

### HILL v. KAHN.

(Supreme Court, Appellate Term. April 24, 1906.)

1. COSTS—AMOUNT—STATUTORY CONSTRUCTION.

Under Code Civ. Proc. § 3228, subd. 5, providing that a plaintiff in an action in the City Court, where, but for the amount claimed, the action could have been brought in the Municipal Court, can have no costs unless he recover $250 or more, and section 734, providing that, if the plaintiff proceeds in the action after accepting the tender, the sum accepted must be deducted from the recovery and judgment rendered for the residue, and that plaintiff's right to costs is determined by the amount of the residue, a sum accepted pending suit is not a recovery, and where plaintiff accepted payment of the amount claimed in, and withdrew, his first cause of action, thereby limiting his possible recovery to a sum less than $250, his right to costs was lost.

**2. SAME—TAXATION—MOTION TO VACATE.**

The failure of a party to assert the total invalidity of the taxation of costs before the taxing officer did not affect his right to move to vacate the taxation, since this was a question for the court, and not for the clerk.

Appeal from City Court of New York, Special Term.

Action by Fred Hill against Edward Kahn. From an order denying a motion to vacate a taxation of costs, defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Levinson & Levinson, for appellant.

Charles C. Marshall and Samuel C. Herriman, for respondent.

BISCHOFF, J. The action was brought upon two causes of action, one for $576, and the other for $200. Pending the trial the plaintiff accepted payment of the amount claimed upon the first cause of action, and the parties entered into a stipulation that "all matters relating to the said first cause of action be, and the same are, hereby eliminated from this action, without costs to either party as against the other." The cause being brought to trial, the plaintiff had a verdict for $200 upon the single cause of action litigated, and taxed his costs. Thereupon the defendant moved to vacate the taxation upon the ground that the recovery, being less than $250, carried no costs. The motion was denied and the defendant has appealed.

In our opinion the motion should have been granted. A plaintiff, in an action brought in the City Court, where, but for the amount claimed, the action could have been brought in the Municipal Court, can have no costs "unless he shall recover $250 or more." Code Civ. Proc. § 3228, subd. 5. Obviously it is the "recovery," not the amount claimed, which determines the question, and a sum accepted pending suit is not a "recovery," within the meaning of the Code. The distinction is noted in the provision relating to tenders (Code § 734):

"If the plaintiff proceeds in the action after accepting the tender the sum accepted must be deducted from the recovery and judgment rendered for the residue. * * * The plaintiff's right to recover costs and his liability to pay costs to the defendant are determined by the amount of the residue."

Here the word "recovery" is used in the sense of the award made in the action, and we are to assume that the use of the word in section 3228, relating to the same general subject, was with the same intention. It appears that there was no direct tender in the present case, because the defendant had not complied with the requirements of section 732 of the Code, and the right to costs could have been preserved, had the plaintiff refused the offer and taken his full recovery in the action. By accepting the payment and withdrawing the first cause of action, however, the plaintiff necessarily limited his possible recovery to a sum less than $250, and his right to costs was lost.

The failure to assert the total invalidity of the taxation before the taxing officer did not affect the defendant's right to make this motion to vacate the taxation, since this was a question for the court, not for the clerk. De Graff v. Hoyt, 4 Thomp. & C. 348, 351.

The order is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.