The dismissal of the complaint was error, and the judgment of the Municipal Court should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.

---

### LEYDEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. COURTS—MUNICIPAL COURTS—JURISDICTION.
   An action to recover damages for loss of plaintiff's wife's services because of personal injury she received through defendant's negligence is within the jurisdiction of the Municipal Court.

2. COSTS—TAXATION—APPEAL TO COURT FROM DECISION OF TAXING OFFICER.
   Generally, a motion for retaxation of costs is in the nature of an appeal from the action of the clerk, and the court, upon a motion for retaxation, will not consider any items save those to which objection was made before the clerk.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 823.]

3. SAME—RETAXATION BY COURT ON MOTION.
   Code Civ. Proc. § 3228, subd. 5, provides that in all actions in the County Court of Kings county, which, but for the amount claimed, could have been brought in the Municipal Court of New York City, where defendant was personally served in New York City, plaintiff shall recover no costs, unless he shall recover $250 or more. Plaintiff, in a case within the statute, recovered but $50, and judgment was entered against defendant for $50 and costs. On taxation of costs defendant objected to some items, but not to the costs generally. Held, that the clerk had no right to tax such costs, and hence defendant was not concluded by his failure to object generally, and the merits of plaintiff's right to costs should have been determined on motion for retaxation.

Appeal from Kings County Court.

Action by William C. Leyden against the Brooklyn Heights Railroad Company. From an order denying a motion to retax costs, defendant appeals. Reversed, and motion granted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.

Frank Herwig, for respondent.

HOOKER, J. This action was commenced on March 11, 1905, in the Kings County Court, subsequent to the enactment of subdivision 5 of section 3228 of the Code of Civil Procedure. The trial resulted in a verdict of $50 for the plaintiff, and judgment was entered by the plaintiff in his favor and against the defendant for $50, the amount of the verdict, together with $128.58 costs. On October 13, 1907, the costs were taxed, and upon that taxation the defendant appeared, and, although objecting to one or two insignificant items of disbursements, which were finally disallowed by the clerk, did not object to the taxation of costs generally. A motion was thereafter made in the County Court for an order that the taxation of costs be vacated and that the

judgment be amended by striking out all provisions in respect to costs. The motion was denied, and the defendant appeals.

Subdivision 5 of section 3228 of the Code provides that:

"In all actions hereafter brought in * * * the County Court of Kings county, which could have been brought, except for the amount claimed therein, in the Municipal Court of the city of New York, and in which the defendant shall have been personally served with process within the city of New York, the plaintiff shall recover no costs or disbursements unless he shall recover two hundred and fifty dollars or more."

This action was to recover damages for loss of the plaintiff's wife's services because of personal injury she received by reason of the negligence of the defendant. The Municipal Court had jurisdiction of this case. Laws 1902, p. 1489, c. 580, § 1, subd. 14; McVeigh v. Gentry, 72 App. Div. 598, 76 N. Y. Supp. 535. Inferentially it appears that the summons was served upon the defendant within the city of New York, and the respondent submits a brief which presents the questions raised by this appeal upon the theory that such service was made. The plaintiff seeks to sustain the order upon the sole ground that the defendant, having appeared before the clerk upon the taxation, and having made no objection to the taxation of costs generally, cannot thereafter be heard to complain.

The general rule is that a motion for retaxation is in the nature of an appeal from the action of the clerk, and the court, upon a motion for retaxation, will not consider any items save those to which objection was made before the clerk. Lyman v. Young Men's Cosmopolitan Club, 38 App. Div. 220, 222, 56 N. Y. Supp. 712; Comly v. Mayor, 1 Civ. Proc. R. 306, 317; Varnum v. Wheeler, 9 Civ. Proc. R. 421. But in these actions, as in others which might be cited, the objection was made to individual items in a bill of costs, where the right to tax costs generally was undenied. In this case the plaintiff was deprived of the right to tax any costs by reason of the explicit provisions of subdivision 5 of section 3228 of the Code. The question was not as to the amount of any particular items, or the propriety of the items themselves, upon which the clerk ordinarily has the power to pass in the first instance, but to the very right of the clerk to tax costs at all. The clerk had no such right, and it was hardly necessary for the defendant, in order to save the point, to object to the clerk's doing what he had no authority to do. We do not think that the defendant is concluded by his failure to object to the total invalidity of the bill of costs before the clerk, and that the merits of the plaintiff's right to costs should have been determined upon the motion for retaxation, irrespective of its failure to object before the clerk. See Hill v. Kann, 50 Misc. Rep. 360, 362, 98 N. Y. Supp. 682; De Graff v. Hoyt, 4 Thomp. & C. 348, 351.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.