Baker v. Cohn—Motion to mod-
the judgment by striking therefrom
provision for costs is denied (Lor-
v. Morrison, 25 App. Div., 139;
at v. Wolf, 132 App. Div., 872;
prile v. Turner-Looker Co., 209
Div., 223),
—————————— v. Jewels Hldg. Corp'n

**STREAT v. WOLF.**

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

COSTS (§ 22*)—RIGHT TO COSTS—DEFENDANT.

Code Civ. Proc. § 3228, subd. 4, provides that in an action on a contract plaintiff is not entitled to costs unless he recovers $50 or more, and subdivision 5 declares that in all actions brought in the Supreme Court, triable in New York county, which could have been brought, except for the amount claimed therein, in the City Court, plaintiff shall recover no costs or disbursements, unless he shall recover $500 or more; and section 3229 provides that defendant is entitled to costs in such an action unless plaintiff is entitled to costs. *Held,* that the part of subdivision 5, declaring that the fact that plaintiff in any action is not entitled to costs under such subdivision should not entitle defendant to costs under the next section, was limited to a case where plaintiff was deprived of costs under subdivision 5, so that in an action for breach of contract in the New York Supreme Court, in which plaintiff recovered less than $50, defendant is entitled to costs, while if plaintiff recovers $50 or more, but less than $500, no costs can be awarded to defendant.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 22.*]

Appeal from Special Term, New York County.

Action by George Streat against Alfred Wolf. From an order denying defendant's motion to tax costs, and to review the clerk's refusal to do so, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Carl S. Stern, for appellant.
Charles Blandy, for respondent.

SCOTT, J. Plaintiff sued in this court in New York county for damages for breach of contract. He recovered six cents damages. There are two provisions of the Code of Civil Procedure under which he is not entitled to costs. Subdivision 4 of section 3228 provides that in such an action he is not entitled to costs unless he recovers $50 or more. Subdivision 5 of the same section forbids his recovery of costs unless he shall recover $500 or more, the action being one which, except for the amount claimed, might have been brought in the City Court. The question presented by this appeal is whether or not the defendant is entitled to costs under section 3229, which provides that the defendant is entitled to costs in such an action, unless the plaintiff is entitled to costs.

But for the last sentence of subdivision 5 of section 3228, defendant would be entitled to costs, because the plaintiff's recovery is less than $50. Mayor, etc. v. Best, 19 App. Div. 58, 45 N. Y. Supp. 970. The doubt in the case arises from the last sentence of subdivision 5 of section 3228 which reads:

"The fact that in any action the plaintiff is not entitled to costs, under the provisions of this subdivision, shall not entitle the defendant to costs under the next following section."

It is to be observed that the sentence just quoted applies only to cases in which the plaintiff is deprived of costs under the terms of

the subdivision of which it forms a part. It is clearly intended to apply only in cases in which the refusal to allow costs to the plaintiff results from the application of that subdivision. It should be read as if it provided that the fact that in any action a plaintiff is not entitled to costs solely because of the provisions of the subdivisions shall not entitle the defendant to costs. In this case the defendant's claim to costs does not rest solely upon subdivision 5 of section 3229, but is also secured to him by subdivision 4 of the same section. The practical result of this construction is that in an action like the present the defendant is entitled to costs if the plaintiff recovers less than $50, but is not so entitled if the plaintiff recovers more than $50, but less than $500.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion for retaxation granted. All concur.