## SMITH v. A. J. WALKER–STOOPS CO.

(Supreme Court, Appellate Term.   October 16, 1911.)

COSTS (§ 22*)—ACTIONS IN CITY COURT—RECOVERY OF COSTS—STATUTES.

   Under Code Civ. Proc. § 3228, subd. 5, providing that a plaintiff in an action in the City Court, which but for the amount claimed could have been brought in the Municipal Court, can have no costs, unless he recovers $250 or more, and Municipal Court Act (Laws 1902, c. 580) § 1, subd. 9, giving the Municipal Court jurisdiction for the recovery of chattels withheld, where the value thereof as stated in the affidavit does not exceed $500, a plaintiff, suing in the City Court in replevin for property alleged in the complaint and writ to be worth $850, and shown to be worth more than $250, and who is awarded the property, together with $150 damages for the detention, is entitled to tax the costs usual in an action in the City Court.

   [Ed. Note.—For other cases, see Costs, Dec. Dig. § 22.*]

Appeal from City Court of New York, Special Term.

Action by Amber C. Smith against the A. J. Walker-Stoops Company.   From an order of the City Court, denying a motion to retax costs, defendant appeals.   Affirmed.

Argued before SEABURY, GUY, and COHALAN, JJ.

David Bernstein, for appellant.

Horace D. Byrnes, for respondent.

SEABURY, J.   The defendant appeals from an order denying a motion to retax the costs awarded to the plaintiff.   The action was in replevin, and under the writ issued in the action the sheriff took possession of an automobile.   No bond having been given, the sheriff held the possession of the automobile pending the termination of the action.   After a trial in the City Court of the City of New York, the automobile was awarded to the plaintiff, together with $150 as damages for its detention.   The jury by their verdict did not fix the value of the automobile itself, but no objection seems to have been taken to the verdict upon that ground.   The complaint and the writ of replevin stated the value of the automobile to be $850.   As a result of the trial the plaintiff entered judgment for the damages the jury awarded and the actual costs taxable in an action in the City Court.

Upon the motion to retax the costs, and upon this appeal, it is claimed that the plaintiff did not recover $250 or more, and that therefore the plaintiff is not entitled to recover costs or disbursements, under section 3228, subd. 5, of the Code of Civil Procedure.   The word "recover," as used in this section, makes it clear that the amount for which judgment is awarded, rather than the amount claimed, determines the right to costs.   Hill v. Kann, 50 Misc. Rep. 360, 98 N. Y. Supp. 682.   While the record of the trial is not before us on this appeal from the order denying a retaxation of costs, the proofs submitted upon that motion made it clear, not only that the automobile exceeded $250 in value, but also that upon the trial the value of the automobile was shown to be in excess of this amount.

There is also another controlling consideration which necessitates the affirmance of the order appealed from.   The jurisdiction of the Municipal Court to entertain an action of replevin is by subdivision

9 of section 1 of the Municipal Court act made dependent upon the fact that "the value of the chattel or of all chattels *as stated* in the affidavit * * * does not exceed five hundred dollars." This action not being of such a character as could have been brought in the Municipal Court, subdivision 5 of section 3228 of the Code is inapplicable to it, and the plaintiff was properly allowed to tax the costs usual in an action in the City Court.

Order affirmed, with $10 costs and disbursements. All concur.