JULIA LONCZ, Plaintiff, *v.* INTERNATIONAL RAILWAY COMPANY, Defendant.

County Court, Erie County, September, 1924.

Costs — taxation — motion to vacate and disallow taxation of costs — judgment entered for plaintiff for $50 upon verdict in action in Erie County Court — summons served on defendant in city of Buffalo within jurisdiction of City Court — taxing costs illegal and void pursuant to Civil Practice Act, § 1474, subd. 7 — plaintiff cannot recover costs in similar case unless judgment is for $250 or more.

The taxing of costs in an action brought in the Erie County Court in which the plaintiff entered judgment for fifty dollars, upon a verdict, was illegal and void pursuant to subdivision 7 of section 1474 of the Civil Practice Act, and a motion to vacate and disallow said taxation will be granted, where it appears that the summons was served upon the defendant in the city of Buffalo and that the City Court had jurisdiction of the cause of action.

A plaintiff in any similar case within the provisions of section 1474 of the Civil Practice Act cannot recover costs unless the judgment is for $250 or more.

MOTION to vacate and disallow taxation of costs.

*O'Connor, Newton & Doyle* (*George B. Doyle,* of counsel), for the plaintiff.

*Hobert L. Himes,* for the defendant.

NOONAN, J. The plaintiff is a resident of the city of Lackawanna, which is adjacent to the city of Buffalo. She sued the defendant for damages for personal injuries, and recovered a verdict of fifty dollars. Upon this verdict a judgment was entered for fifty dollars damages, and ninety-nine dollars and ninety-three cents costs.

The defendant has moved to vacate and disallow the costs upon the ground that the plaintiff is not entitled to costs under section 1474, subdivision 7, of the Civil Practice Act, which reads as follows: "The plaintiff shall recover no costs or disbursements * * *. (7) In an action brought, triable in the Supreme Court or County Court of Erie county, which could have been brought, except for the amount claimed therein, in the City Court of Buffalo, and in which the defendant shall have been served with process within the city of Buffalo, unless he shall recover two hundred and fifty dollars or more."

Subdivision 3 of section 1474, which is identical in purpose and as similar as possible in language to subdivision 7, has been passed upon by the courts. In *Leyden* v. *Brooklyn Heights Railroad Company,* 122 App. Div. 383, the court held that the plaintiff, who began an action in the Kings County Court which could have been brought in the Municipal Court of the city of New York, was not entitled to costs on a verdict of fifty dollars; and that the taxation thereof was void and should be set aside.

The penalty that the plaintiff pays for bringing her action in the County Court is the loss of costs, but she is not required to pay costs. *Lipshen* v. *Epstein,* 183 App. Div. 806.

In the instant case the summons was served upon the defendant in the city of Buffalo, and the City Court of Buffalo had jurisdiction of the cause of action. It follows that in this and all similar cases the plaintiff cannot recover costs unless the judgment is for $250 or more, and that the taxing of costs herein was illegal and void, and should be set aside.

Let an order be entered accordingly.

Ordered accordingly.