ARMAND SAUNER, Plaintiff, *v.* BERNARD VOHWINKLE and Another, Defendants.

County Court, Erie County, March 2, 1925.

Costs — right to costs — plaintiff who brought action in Erie County Court for $1,395 and recovered $115 is precluded from recovery of costs by Civil Practice Act, § 1474, subd. 7 — except for amount claimed City Court of Buffalo had jurisdiction of action — amount recovered, not demand for judgment, determines right to costs under Civil Practice Act, § 1474, subd. 7.

Plaintiff is not entitled to costs in an action brought in the Erie County Court for $1,395 and upon which he recovered $115, where it appears that, except for the amount claimed, the City Court of Buffalo had jurisdiction in the action, since the plaintiff is precluded from the recovery of costs and disbursements by subdivision 7 of section 1474 of the Civil Practice Act " in an action brought, triable in the Supreme or County Court of Erie county, which could have been brought, except for the amount claimed therein, in the City Court of Buffalo, and in which the defendant shall have been served with process within the city of Buffalo, unless he shall recover $250 or more."

The amount recovered, rather than the demand for judgment in the complaint, determines when costs are to be allowed under subdivision 7 of section 1474 of the Civil Practice Act.

MOTION for retaxation of costs.

*Swift & Potter* [*Meredith Potter* of counsel], for the plaintiff.

*Percy S. Landsdowne,* for the defendants.

NOONAN, J.:

The question before the court is whether or not the plaintiff, who demanded judgment in his complaint for $1,395 and interest, and recovered $115 on the trial, is entitled to costs under section 1474, subdivision 7, of the Civil Practice Act, which reads as follows: " The plaintiff shall recover no costs or disbursements * * *. 7. In an action brought, triable in the Supreme or County Court, of Erie county, which could have been brought, except for the amount claimed therein, in the City Court of Buffalo, and in which the defendant shall have been served with process within the city of Buffalo, unless he shall recover two hundred and fifty dollars or more."

The defendant is a resident of, and conducts a theater business in, the city of Buffalo, and the process in this action was served on him in said city, so that, " except for the amount claimed therein,"

the City Court of Buffalo would have complete jurisdiction over the defendant and the cause of action, and the crucial point is whether the words of limitation " except for the amount claimed therein," apply to the demand for judgment or to the amount recovered.

The object of the limitation is to discourage the bringing of actions in the Supreme or County Court which might be brought in the City Court.    (*Patterson* v. *Woodbury, etc.*, 117 App. Div. 600, 601.)

" In the interpretation of statutes the primary consideration of the courts is to ascertain and give effect to the intent of the legislature."    (1 McKinney's Consol. Laws, 106, Statutes and Statutory Construction, § 52); *Caddy* v. *Interborough Rapid Transit Co.*, 195 N. Y. 415; *Wiley* v. *Solvay Process Co.*, 215 id. 584, 588.)    If the demand for judgment and not the amount recovered is to determine the right to costs, the purpose of the statute could be defeated, in all cases where the damages are unliquidated, by demanding judgment for an amount beyond the jurisdiction of the City Court of Buffalo.

The question of the jurisdiction of the City Court of Buffalo over the defendant is settled by the fact that the summons and complaint were served upon him in said city.    (*Moraff* v. *Kohn*, 157 App. Div. 648.)

The cases construing the various subdivisions of section 3228 of the Code of Civil Procedure (now section 1474 of the Civil Practice Act) are all decided upon the theory that the amount *recovered* determines whether costs are to be awarded or withheld.    (*Streat* v. *Wolf*, 132 App. Div. 872; *Girbekian* v. *Costikyan*, 126 id. 812; *Patterson* v. *Woodbury, etc.*, 117 id. 600, 601; *Lipshen* v. *Epstein*, 183 id. 806.)

In the present case the plaintiff is not entitled to costs (*Loncz* v. *International Railway Co.*, 123 Misc. 675), and an order may be entered to that effect.