EMMA HUBER, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Erie County, May, 27, 1935.

*Julius J. Goldstein*, for the motion.

*Dudley, Stowe & Sawyer* [*Roy P. Ohlin* of counsel], opposed.

NOONAN, J.   The suit was brought to recover upon a policy of life insurance; the defense was that the policy had lapsed.   A question of fact having appeared, the case was submitted to a jury which returned a verdict in favor of the defendant of no cause of action. It was admitted, however, that the plaintiff was entitled to the return of a payment of fifty-three dollars and ninety cents which had been made to the defendant after the lapse of the policy; accordingly a verdict in favor of the plaintiff for that amount was entered by consent and plaintiff awarded judgment therefor, but without costs.

The Civil Practice Act, section 1474, subdivision 5, provides that the plaintiff shall recover no costs or disbursements " In an action brought, triable in the supreme court or county court of Erie county, which could have been brought, except for the amount claimed therein, in the city court of Buffalo and in which the

defendant shall have been served with process within the city of Buffalo, unless he shall recover two hundred and fifty dollars or more."

It is urged on behalf of the plaintiff that inasmuch as the suit was for the recovery of a liquidated claim, namely, the amount of the policy less the amount of loans made against it, the suit could not have been brought in the City Court of Buffalo, though service of process was made in that city, and that it is not within the intent of the statute that the costs should be refused in such a case. There appears to be no decision upon the precise question. This is not surprising since where the claim is liquidated in amount the plaintiff ordinarily would recover the full amount claimed or nothing, and the application of the quoted section of the Civil Practice Act would not come into question.

The situation here presented is within the literal language of the Civil Practice Act provision. The suit could have been brought in the City Court of Buffalo except for the amount claimed. The defendant was served in the city of Buffalo and there was a recovery of less than $250. I think it also within the spirit and intent of the Civil Practice Act provision. The plaintiff has been defeated upon the cause of action alleged in the complaint and the judgment rendered in his favor is based upon a claim which was within the jurisdiction of the City Court as to nature and amount, and had suit been brought upon that cause of action in the Supreme Court, the plaintiff could not have recovered costs.

It is the amount of the recovery which determines the right to costs. (*Hill* v. *Kann,* 50 Misc. 360; *Goldstein Co., Inc.,* v. *Naday & Fleischer, Inc.,* 113 id. 336; *Sheridan* v. *Simon.* 179 N. Y. Supp. 872; *Sauner* v. *Vohwinkle,* 124 Misc. 494.)

It appeared on the trial and was pleaded in the answer that defendant was at all times ready to return said fifty-three dollars and ninety cents, but it was refused when offered. This refusal saved the plaintiff from a bill of costs against her, and should not be the ground for costs against defendant.

This case has some analogy to the situation presented in *Eastern Wood-Working Co.* v. *Bisgeier* (111 Misc. 346), where the plaintiff brought suit in the Supreme Court to foreclose a mechanic's lien. As the Lien Law provides that costs are in the discretion of the court in such an action, the court said that had the plaintiff established the lien, costs might have been awarded it, but as it was unsuccessful in establishing the lien and secured only a personal judgment, the provisions of the Code of Civil Procedure, corresponding to the Civil Practice Act provision, prevented the recovery of costs, the plaintiff having recovered less than the statutory amount.

The motion is denied, without costs.