Edward T. Sullivan, J.
Defendant moves for an order disallowing the bill of costs entered in the Saratoga County Clerk’s office May 21,1969 with a judgment in favor of the second-named plaintiff, who is an adult, pursuant to CPLR 8102 (subd. 3) in that the County Court jury verdict of $200 for property damage was obviously less than the $250 required by the statute.
CPLR 8102 is entitled: ‘ ‘ Limitation of costs where action brought in higher court ’ ’; and, in substance, provides that the plaintiff is not entitled to costs where he selects the County Court as a forum when he could have brought action in a lower court, “ except for the amount claimed * * * unless he shall recover two hundred fifty dollars or more. ’ ’ Technically, on the surface the contention of the defendant appears to be correct. However, although the affidavit by counsel for the defendant in support of the motion speaks of ‘ ‘ this action ’ ’ for the adult plaintiff’s property damage, the actual facts are otherwise. From the title above it is also obvious that there was an additional plaintiff, who was an infant. The fact is that the joint infant plaintiff sued a companion cause of action for his personal injuries. At the trial the jury rendered a verdict of no cause of action against the infant plaintiff, who was one of the operators of the vehicles involved in the collision which gave rise to the joint causes of action. Since these causes of action arose out of the one collision of the motor vehicles, there were some common questions of fact and some common questions of law. However, the adult plaintiff, who received the $200 verdict from the jury, was a so-called absent owner, to whom more lenient rules of liability affecting his right to recover apply.
*625 The theory upon which costs are basically allowed to a plaintiff is that the default of the defendant made it necessary to sue him. It thus becomes apparent that the statutory phrase, ‘ ‘ except for the amount claimed ’ ’, is not the sole factor for consideration. Delicate and responsible evaluations have to be made in the selection of a forum where the cause of action is based upon the personal injuries of an infant. The limited monetary jurisdiction of an inferior court could well rule it out as the proper forum where the injuries are relatively serious, even though the legal questions of liability be anything but clear. Had the plaintiffs herein sued in separate forums, one of them would have been subject to removal. It is highly improbable that the defendant could have successfully moved the personal injury action to an inferior court. The alternative is more probable, both from a legal point of view and a practical point of view, since the defendant could not tactically permit a determination of his liability in the inferior court prior to the infant’s personal injury action being reached for trial in the County Court.
The purpose of the section is to relieve the congestion and, expense occasioned by prosecution of small claims in higher courts. This is, of course, consistent with the general and basic rule against multiplicity of actions and duplicity of litigation. Counsel for the plaintiffs complied with this principle by bringing the joint causes of action in County Court. No congestion or expense was occasioned by the joinder, since the infant’s personal injury action was properly in the County Court. The purpose of CPLR 8102 (subd. 3) will not be served by depriving the successful plaintiff in the companion cause of action of his costs. Had he sued his property damage cause of action separately in an inferior court and been moved to the County Court for the reasons above stated, he would have been entitled to costs upon obtaining the verdict for $200 herein. (Gregory v. Benson, 24 A D 2d 1070.) Another basic principle is that the law does not require hollow and empty formalities. Herein the defendant was not put to anyv inconvenience or additional defense by reason of the joint trial of the causes of action. The adult plaintiff, on the other hand, was put to the necessity of suit and the additional expense of proving the amount of his property dam-, age by reason of the defendant’s default in honoring his claim. It is the opinion of this court that ii would be a gross injustice to deny the successful plaintiff his bill of costs under these circumstances. Substantively he is entitled to the costs, and he should not be penalized by a procedural statute which does not accomplish the purpose of its enactment.
*626 This court distinguishes the situation in Hill v. Kann (50 Misc. 360), where there were originally joint causes of action also. In that case, however, the plaintiff in each cause of action was the identical adult, and he settled or withdrew the claim with the greater monetary value, which would have exceeded the statutory limitation, on a stipulation in which he waived costs. Thereafter he recovered on the lesser cause of action, which was below the statutory limitation, and he was properly deprived of his costs under such circumstances. Reference is also made to the Advisory Committee Notes in Standard Civil Practice Service (vol. 15, p. 370), particularly to the theory that CPLR 8101 grants discretion to the court and CPLR 8102 is nondiscretionary. The committee also states: ‘ ‘ While the Committee has simplified and consolidated the provisions, it recommends that the subject be given further study in the light of such considerations as pending court reorganization proposals, the efficacy of this type of rule, and an analysis of the administrative needs of each of the courts concerned ’ ’. This court holds that CPLR 8102 does not apply to the situation presented in the above-entitled causes of action. Motion denied, with $20 costs.