IRVING TRUST COMPANY, Appellant, v. JOSEPH LEFF, Respondent.

First Department, November 29, 1929.

*William A. Onderdonk* of counsel [*Paul E. Mead*, attorney], for the appellant.

*I. Arnold Himber* of counsel [*A. S. Cutler* with him on the brief; *Foster & Cutler*, attorneys], for the respondent.

FINCH, J. The plaintiff appeals from an order denying its motion to strike from the amended answer for insufficiency an affirmative defense and counterclaim, and for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

The action is brought upon a promissory note for $10,000 made by the defendant, upon which there is concededly due and unpaid $4,933 with interest. Defendant concedes this indebtedness, but claims a setoff and counterclaim in an amount of $1,000 with interest. The sufficiency of this counterclaim thus presents the only contest in the case.

This counterclaim arises in the following way: The defendant was a depositor of the plaintiff bank. On March 10, 1928, he delivered to one Bragin a check for $1,000, drawn upon the plaintiff bank and bearing upon its face the following words: " Void unless and until title to premises 502–14 Liberty Street, Camden, New Jersey, is taken by Jos. Leff." On March sixteenth, when title closed, Bragin surrendered this check to the defendant's attorney, and received in exchange another check drawn upon the plaintiff in a like amount but with no condition stated upon the face. This later check was presented to and paid by the plaintiff on March 21, 1928. It appears that after receiving this later check in return for the check bearing the aforesaid condition as to payment, Bragin stole the check having the condition and transferred it to a third party. This conditional check was presented to and paid by the plaintiff bank on March 26, 1928. The plaintiff made no inquiry of the defendant as to whether the condition precedent to payment had in fact been performed. The defendant contends that if the plaintiff had made such inquiry, it would have learned of the theft, and hence would not have paid the check. The defendant further contends that such failure to inquire was a breach of the contractual duty of the plaintiff to the defendant resulting in damage to the defendant, the amount of which he is entitled to set off against the claim of the plaintiff.

The relation between the plaintiff bank and defendant depositor and the concomitant rights and duties in respect to the transaction are not in doubt. The relation is that of debtor and creditor to the extent of the sum on deposit, with the duty upon the bank to make payment of checks bearing the genuine signature of its depositor and in conformity with its instructions. (*Gutfreund* v. *East River Nat. Bank*, 251 N. Y. 58; *Critten* v. *Chemical Nat. Bank*, 171 id. 219; *Shipman* v. *Bank of State of N. Y.*, 126 id. 318.)

In the case at bar the plaintiff paid the check in question at its peril that the signature of the defendant was genuine and that the condition of payment had been fulfilled. Both these conditions obtained when the payment was made, and, therefore, the duty of the plaintiff *prima facie* was complied with. The plaintiff was not required to ascertain by inquiry of the defendant, or in any other particular manner, that the condition precedent to payment had been

fulfilled. As long as said condition in fact had been fulfilled, the plaintiff bank was absolved from liability. The plaintiff, however, owed to the defendant the exercise of good faith in the transaction, and the defendant alleged in his defense that the plaintiff had knowledge of the theft of the check when paid. In the affidavits upon the motion for summary judgment the plaintiff swears it had no such knowledge, and the defendant makes no claim at any place in this record that the plaintiff in fact had such knowledge, but relies solely upon the assumption that if the plaintiff had inquired of the defendant whether the condition had been complied with, it would have learned of the theft, which in itself constitutes no defense.

It thus appears that there was no issue presented as to any knowledge by the plaintiff that the defendant's order to pay was not a valid, subsisting order, and hence no substantial defense to the claim of the plaintiff was shown to exist.

The fact that the check had been stolen by Bragin, the prior holder, and thus lacked delivery, does not prevent a recovery by the plaintiff, since this record shows that the plaintiff was a holder in due course. (Neg. Inst. Law, § 96; *Turnbull* v. *Bowyer*, 40 N. Y. 456.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for summary judgment granted, with ten dollars costs.

DOWLING, P. J., MCAVOY, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.