IRVING TRUST COMPANY, Plaintiff, v. JOSEPH LEFF, Defendant.

Supreme Court, New York County, June 21, 1930.

*Paul E. Mead,* for the plaintiff.

*Foster & Cutler,* for the defendant.

LYDON, J. There are a motion and a cross-motion before the court for disposition.

The motion of the plaintiff is for an order directing the clerk to enter judgment in favor of the plaintiff and against the defendant for $3,933, with interest from May 18, 1929, together with costs as taxed in the sum of $32, less the sum of $239.75 costs taxed in favor of the defendant against the plaintiff, or in the alternative that the judgment for the amount of said costs be satisfied by a credit for said amount upon the execution to which plaintiff will be entitled upon the entry of judgment, and for such other and further relief as to the court may seem just and proper.

The defendant makes a cross or counter-motion for an order directing the clerk to enter separate judgments, one in favor of the plaintiff for $3,933, with interest and costs, and the other in favor of the defendant for $239.75, for his costs.

This controversy arises on an action brought by the plaintiff against the defendant to recover in the sum of $4,933, with interest from March 18, 1929, being the balance due on a promissory note dated November 16, 1928, in which the defendant promised to pay said sum four months after said date. There was paid upon such note $5,067, leaving the balance referred to. The defendant for an answer denied the 5th paragraph of the complaint, which alleged

that no part of the note had been paid except the sum of $5,067, and for an affirmative defense, setoff and counterclaim alleged these facts:

That on or about March 10, 1928, the defendant delivered to one Louis Bragin a check in the sum of $1,000, dated March 10, 1928, drawn on the plaintiff and bearing on its face the following words: " Void unless and until title to premises 52–14 Liberty Street, Camden, N. J., is taken by Jos. Leff; " that on or about March 16, 1928, said Louis Bragin surrendered the above-described check to the defendant's attorney in Camden, N. J., and received in exchange therefor the defendant's check dated March 16, 1928, in the sum of $1,000, drawn upon plaintiff, and the said check dated March 16, 1928, was paid to the said Louis Bragin by plaintiff on or about March 21, 1928, of all of which facts plaintiff had knowledge. Said Louis Bragin unlawfully and secretly obtained possession of the surrendered check, dated March 10, 1928, and stole the same from the possession of the defendant's attorney, of all of which facts plaintiff had knowledge; that plaintiff improperly and negligently and in breach of its duty to the defendant paid said check, dated March 10, 1928, on or about March 26, 1928, in spite of the unlawful possession of said check by said Louis Bragin or his transferee, and in spite of the writing above referred to upon the face of said check, without making any inquiry from said defendant as to whether the conditions on the face of said check had been met and as to whether payment should be made thereon; that defendant has tendered and still tenders to plaintiff the sum of $3,933. The defendant in his answer demands judgment dismissing the complaint, and asks for judgment against the plaintiff in the sum of $1,000, with interest and costs.

Upon these facts a motion was made at Special Term for summary judgment. The motion was denied. Plaintiff appealed to the Appellate Division, and as a result the Appellate Division (227 App. Div. 283) reversed the order denying the motion and granted plaintiff's motion for summary judgment, upon which order of reversal judgment was duly entered for the amount demanded in the complaint. Defendant appealed to the Court of Appeals (253 N. Y. 359) from such judgment of the Appellate Division, and, as a result of such appeal, the Court of Appeals entered an order which provides: Therefore it is considered that said " judgment should be reversed, with costs in this court and Appellate Division; motion for summary judgment for plaintiff granted for $3,933, with interest from March 18, 1929; the order of Special Term so far as it denies the motion to strike out counterclaim affirmed and plaintiff given twenty days to serve a reply."

Upon the remittitur of the Court of Appeals an order was entered *ex parte* on the sixteenth day of May on application of the defendant, making the judgment and order of the Court of Appeals the judgment and order of this court. Thereafter plaintiff moved at Special Term· for an order severing this action so that judgment might be entered in favor of the plaintiff for the sum of $3,933. An order was thereupon entered on the 26th day of May, 1930, the defendant consenting to the motion, and the order provides as follows: " Ordered that this action be severed and that judgment be entered in favor of the plaintiff against the defendant for $3,933 with interest from May 18, 1929, and it is further ordered that the action continue and proceed to such judgment as may be proper upon the claim of the plaintiff to the extent of $1,000 and the counterclaim of the defendant."

The rights of the plaintiff are, therefore, fixed by this order severing the action. The judgment of the Court of Appeals did not provide for any costs at this time in favor of the plaintiff, nor did the order entered on May twenty-sixth severing the action make any such provision for costs in favor of the plaintiff, so that the rights of plaintiff to costs must await the ultimate determination of the action as severed. The defendant is entitled, in accordance with the remittitur of the Court of Appeals, to enter such judgment for his costs as may be taxed.

The situation presented to the taxing officer was that plaintiff presented one judgment upon which he sought to offset the costs payable to the defendant from the amount of plaintiff's recovery as ordered by the Court of Appeals. The defendant, on the other hand, insisted that separate judgments should be entered. Concededly the taxing officer is a ministerial officer and has no judicial functions to pass upon the question of offset in a case of this kind. The right of offset is one for the court. Proper practice, however, would require that upon the entry of judgment application be made so that the court may in its discretion order an offset. The taxing officer is correct in his practice. There should be but one judgment entered, a judgment in favor of the plaintiff for the sum of $3,933, with interest from March 18, 1929, without costs, and a judgment in favor of the defendant against the plaintiff for the amount of his taxable costs. This may be included in the one judgment. The judgment should also provide, however, that in docketing said judgment there be entered in the docket books separately, so as to provide a judgment in favor of the plaintiff against the defendant for the sum of money it is entitled to, and a judgment in favor of the defendant against the plaintiff for the costs to which he is entitled. The papers here present no reason why the amount of taxable costs recovered by the

defendant should not be offset against plaintiff's recovery and plaintiff's recovery reduced to that extent. While it is true that the motion to offset one judgment against the other is conditioned upon the entry of judgment in the respective cases, yet I think, where nothing appears in the papers which would prevent the court in exercising its discretion from making the offset, there is no reason why an order should not be entered upon this motion which shall provide that, upon the entry of judgment in favor of the respective parties, the clerk be directed to offset in his docket the judgment recovered by defendant against the recovery had by the plaintiff. Under the circumstances, the court, I think, has ample powers under the prayer for further relief on plaintiff's motion to so provide in order to avoid multiplicity of motions.

Plaintiff's motion is granted to the extent indicated. Order to be settled on notice. Defendant's motion for an order directing the clerk to enter separate judgments is denied.