ANNIE MILLS and Another, Plaintiffs, *v.* CITY OF NEW YORK and Others, Defendants.

Supreme Court, Special Term, Bronx County, July 18, 1941.

*Lesser & Lesser,* for the plaintiffs.

*William C. Chanler, Corporation Counsel,* for the defendant City of New York.

*Bernard H. Arnold,* for the defendant Sound Realty Company, Inc.

EDER, J. This is a motion to review the action of the county clerk in the taxation of costs and to disallow the item of thirty dollars for "preparing and serving in conjunction with the Corporation Counsel, Case on Appeal, more than 50 folios." Exception to this allowance was taken by the defendant Sound Realty Company, Inc.

An examination of the remittitur discloses that the appeal was from an order granting a motion made by defendant Sound Realty Company, Inc., dismissing the amended complaint of the plaintiffs and directing that judgment be entered in favor of said defendant dismissing the plaintiffs' amended complaint on the merits and from the judgment entered thereon.

Subdivision 3 of section 1504 of the Civil Practice Act provides: "Costs awarded to a party to an action must be at the following rates: * * * To either party: * * * k. For making and serving a case or bill of exceptions, twenty dollars; and, when the case or bill of exceptions necessarily contains more than fifty folios, ten dollars in addition thereto."

As properly pointed out by Professor Browne in section 97 of his work on New York State Appellate Practice and Procedure, a case is necessary when a party intends to appeal from a judgment rendered after the *trial* of an issue of fact; that he must then make a case and procure the same to be settled and signed by the justice by or before whom the action was tried, as prescribed by the rules (Civ. Prac. Act, § 575); and in section 96 the author points out that in a "case" all the *evidence* is to be included by question and answer, together with the rulings and the exceptions of all parties to the record. (Rules Civ. Prac. rule 232.) In section 109a the author properly points out that upon an appeal from an order the record must contain all the *papers* upon which the order was made, and the opinion of the court, if any. (Rules Civ. Prac. rule 234.)

The allowance given by paragraph k of subdivision 3 of section 1504 is by way of compensation for the labor involved in the preparation of a case or bill of exceptions. Costs are statutory and cannot be taxed unless authorized by the statute and there is no statutory provision for costs for preparing the papers upon an appeal from an order.

The appeal herein was not from a judgment rendered after the trial of an issue of fact; it was the ordinary appeal from an order;

no case was made, settled or signed by the judge, nor could it have been, there having been no trial. The language of the statute is simple, direct and clear. The clerk was in error in taxing the item of thirty dollars and in applying it to a situation to which it has no application.

The ruling of the taxation clerk is reversed, the motion granted, and the item disallowed and excluded, and it is directed that it be deducted from the judgment. Settle order on one day's notice.