Herbert D. Hamm, J.
A judgment was entered on a dismissal of the complaint herein at Special Term for failure to state a cause of action. The Appellate Division affirmed the judgment (Nicholson v. 300 Broadway Realty, 6 A D 2d 627). Leave to appeal was granted (6 N Y 2d 705). On appeal from the judgment entered on the order of the Appellate Division, the Court of Appeals reversed, with costs in all courts (Nicholson v. 300 Broadway Realty Corp., 7 N Y 2d 240, 248). The plaintiffs taxed their costs, the defendant moved fór retaxation and now seeks review of the following 11 items which were taxed by the Clerk:
(1) Costs before Note of Issue is filed..............$ 25.00
(2) Costs after Notice and before Trial............. 15.00
(3) Costs of Motion for Special Term.............. 10.00
(4) Term Fees, for following terms, viz.: Supr. Ct. Spec. Term......................... 10.00
(5) Appeal to Appellate Division, before Argument. 20.00
(6) Appeal to Appellate Division, for Argument____ 40.00
(7) Term Fees, as follows: App. Div............... 10.00
(8) Appeal to Court of Appeals, before Argument (2) 60.00
(9) Appeal to Court of Appeals, for Argument (2)... 120.00
(10) Court of Appeals Term Fees as follows: (2)..... 20.00
(11) Preparing Case on Appeal to Court of Appeals.. 30.00
*354 All of the 11 items were mentioned specifically in the defendant’s notice of motion with the exception of (2). However, the defendant in a memorandum opposes allowance of the omitted item and in its notice of motion asks for ‘ ‘ such other and further relief as may be just and proper Under a prayer for general relief allied to the specific request the granting of relief other than that specifically asked for is discretionary (Smith v. Witteman Co., 10 A D 2d 793, 794; Eagle Contrs. v. Black, 7 A D 2d 622, affd. 8 N Y 2d 732; United Democratic Organisation v. Lewis, 21 Misc 2d 822, 823-824; Freedman v. Statewide Machinery, 19 Misc 2d 930, 931) and the propriety of the omitted item is open to consideration.
Items 1 and 2 may be taxed only if the plaintiffs obtain judgment, and are disallowed.
Item 3 is allowed. Costs in all courts include costs on the motion at Special Term (Jones v. Gould, 202 N. Y. 549). Motion costs not exceeding $10 are discretionary and in the exercise of my discretion at Special Term costs of $10 are allowed.
Item 4 is disallowed. The cause was on the calendar at a term prior to the term at which it was finally disposed of (Civ. Prac. Act, § 1504, subd. 3) and may be taxed if the plaintiffs are ultimately successful.
With reference to items 5, 6 and 7, section 1508 of the Civil Practice Act provides:
“ Costs awarded to either party to an action upon an appeal to the appellate division of the supreme court must be at the following rates:
“ 1. Where the appeal is from a judgment or from an order granting or refusing a new trial, or from a determination of the supreme court, at an appellate term or otherwise, or of the county court rendered upon appeal from a judgment or such an order:
1 ‘ a. Before argument, twenty dollars.
‘ ‘ b. For argument, forty dollars.
“ c. For each term, not exceeding five, of the appellate division, at which the cause is necessarily on the calendar, excluding the term at which it is argued, or otherwise finally disposed of, ten dollars.
“2. In any other case, a sum fixed by the court, not exceeding fifty dollars besides taxable disbursements.”
In the Eighth Annual Report of the New York Judicial Council, 1942, the authors stated at page 455:
*355 ‘ ‘ One problem not provided for by the recommended amendments is the existing conflict between the Appellate Divisions of the First and Second Departments on the question whether the full appeal costs which are awardable under section 1508 upon appeal from a 1 judgment ’ are awardable even though the judgment has been rendered, not after the trial of an issue of fact, but pursuant to an order granting a motion for summary judgment or for judgment on the pleadings, or for judgment dismissing the complaint or a counterclaim or striking out a defense, under the Rules of Civil Practice.
“ The practice of the Appellate Division in the First Department in such cases is to allow the full appeal costs fixed by section 1508 where the appeal is taken from the judgment, and to impose order costs under section 1505 (in an amount fixed by the Appellate Division, not exceeding fifty dollars) where the appeal is taken from the order. The practice of the Appellate Division of the Second Department, on the other hand, is to allow only order costs in such cases whether the appeal is taken from the judgment or from the order ”.
In this ease the defendant, successful in the Appellate Division, was awarded $10 costs, from which it follows that on appeal from a judgment dismissing a complaint only order costs (not exceeding $50) are allowed in the Third Judicial Department. As Special Term may not exercise discretion committed to the Appellate Division, the plaintiffs’ remedy to have fixed the amount of discretionary costs under subdivision 2 of section 1508 is in the Court of Appeals (Matter of Shlakman v. Board of Higher Educ., 10 Misc 2d 397, 398; Eighth Annual Report of the N. Y. Judicial Council, 1942, p. 454). As the Clerk erred in taxing costs pursuant to subdivision 1 of section 1508 of the Civil Practice Act, items 5, 6 and 7 are disallowed without prejudice to application as mentioned.
Items 8 and 9 are respectively reduced to $30 and $60. There is no statutory authority for costs on an application for leave to appeal.
Item 10 is disallowed. The case was argued at the first term at which it appeared on the calendar.
Item 11 is not taxable (Mills v. City of New York, 177 Misc. 234).
The plaintiffs’ memorandum states: “ Costs of $10.00 were awarded in an Appellate Division Order entered December 12, 1958 and were inadvertently omitted in the Plaintiff’s present Bill of Costs, altho it appears on the Defendant’s Bill of Costs taxed January 7, 1959, since reversed by the Court of Appeals *356 Decision. We respectfully request therefore the following addition: costs allowed by app. div.....$10,.00 ’ \ The award heretofore made to the defendant is not an item taxable by the plaintiffs.
Submit order. The motion papers will be forwarded with the signed order.