Abbaham I. Kalina, J.
This is a motion for an order disallowing taxable costs for stenographic fees of an examination before trial of the plaintiff and for services of an interpreter .at said examination.
The record indicates that the complaint was dismissed after trial. The plaintiff now claims that the afore-mentioned items were improperly taxed by the Clerk of this court. It is the plaintiff’s contention that there is no .authority for such allowances pursuant to section 1908 of the Civil Court Act.
*747 CPLR 101 provides that the CPLR shall govern the procedure in civil judicial proceedings in all courts of the State and before all Judges, except where the procedure is regulated by inconsistent statute. It is important to note that the present CPLR, unlike its predecessor Civil Practice Act and Rules of Civil Practice, now governs the procedure in all civil judicial proceedings in all courts of the State. This includes courts of record and courts that are not of record. The exception as heretofore indicated by the language contained in CPLR 101 is where the procedure of a particular court is regulated by an inconsistent statute such as those set forth in the SCPA and the CCA. In those instances the statute and rules of the court would supersede the provisions of the CPLR. Where such court has no such inconsistent statute, the CPLR is controlling. The legislative intent in this regard is further set forth in sections 1908 and 2102 of the CCA. Section 1908 provides that except where the contrary is specifically provided by law, a prevailing party shall be allowed the necessary disbursements as set forth in said section. Section 2102 provides that the CPLR and other provisions of law relating to practice and procedure in the Supreme Court, notwithstanding reference by name or classification therein to any other court, shall apply to this court as far as the same can be made applicable and are not in conflict with this act.
The legislative intent in adopting the CPLR was to create as far as possible a uniform procedure to govern all types of civil procedure. It should be noted that in drafting the court acts other than the Supreme Court, the Legislature so drafted them that matters which should be governed by the CPLR are either omitted from said acts or, where there might otherwise be doubt about its applicability, express reference to the CPLR is made.
A litigant’s right to cost, the amount of the costs and the procedure for the taxation of costs are governed by the statute in force at the time the right to costs accrue and not at the time of the commencement of the action. (Casella v. Board of Educ. of City of N. Y., 21 A D 2d 690.)
CPLR 8301 sets forth the basic rule for determining how costs are to be awarded in an action or a special proceeding. The litigant’s right to be reimbursed for a disbursement made during a lawsuit is entirely dependent on whether it falls within one of the classifications of CPLR 8301 (subd. [a]), unless there is an inconsistent statute.
CPLR 8301 (subd. [a], par. 9) allows the reasonable expense of taking and making two transcripts of an examination before trial, not exceeding $250. It should be noted that no such provi *748 sion for such allowance is set forth in section 1908 of the CCA, nor is there any provision in said act which expressly prohibits the allowance of such an expense.
As heretofore indicated, plaintiff contends that the allowed items of disbursements are improper by virtue of the provisions of section 1908 of the CCA, which was derived from section 170 of the former New York City Municipal Court Code. Plaintiff contends that section 1908 is much more restrictive than the provisions .of CPLE 8301, which govern costs and disbursements in the Supreme Court. Plaintiff relies upon the case of Landstrom Realty Corp. v. Lamborn (144 Misc. 701 [App. Term. 2d Dept., 1932]), which held that it was error to allow the costs of the minutes on an examination before trial as a disbursement. The court stated as follows: ‘ ‘ The language of subdivision 6 of section 170 of the New York City Municipal Court Code is different from that of subdivision 10 of section 1518 of the Civil Practice Act. ’ ’
This court is of the opinion that Landstrom (supra) is not controlling in this case. It should first be noted that Lcmdstrom was decided long before the enactment of the present CPLR. Attention should be called to the fact the provisions of CPLR 101 are much broader in scope than its predecessor section 1 of the former Civil Practice Act. While it is true that the provisions contained in section 1908 of the CCA is derived from section 170 of the former New York City Municipal Court Code, no limitation as to its applicability was set forth in section 170, as is now provided in the preamble of section 1908 of the CCA, which limits the allowable necessary disbursements as provided therein, ‘ ‘ except where the contrary is specifically provided by law ’The 1 ‘ contrary ’ ’ under the facts of the case at bar may be found in CPLR 8301 (subd. [a], par. 9). Furthermore, section 1518 of the former Civil Practice Act, did not contain a specific provision for allowance of the expense of an examination before trial as is now provided in CPLR 8301.
The court is of the further opinion that absent the specific provision of CPLR 8301 (subd. [a]) nevertheless, the plaintiff could not prevail on the present application. The omnibus clauses which are contained in CPLR 8301 (subd. [a], par. 12) and subdivision (f) of section 1908 of the CCA provide in substance that disbursements are allowable for other reasonable and necessary expenses incurred during the course of litigation to which the prevailing party could be entitled to be reimbursed.
In referring to CPLR 8301 (subd. [a], par. 12), it is stated in Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 8, pars. 8301.01-8301,02) as follows: “This language, which is designed to *749 instill a touch of judicial discretion into the subject and, of necessity, must be imprecise, encourages a litigant who is entitled to tax his disbursements to exercise his ingenuity in bringing items of cost within its scope in order to shift the financial burden of the lawsuit to his adversary ”. “ Section 1518 of the Civil Practice Act, the primary former counterpart of CPLR 8301, only served as a guide for the courts as to what disbursements were taxable. The amount of individual disbursements and under what circumstances they could be taxed have been the subjects developed by the courts.”
Certainly it cannot be denied that an examination before trial of an adverse party, with all the liberal provisions now provided as to its scope, is an important and often necessary procedure to be taken in order to properly prosecute or defend a lawsuit. Nor can it be denied that the success of the outcome of the litigation in many instances depends to a great extent upon the information obtained from such examination.
The plaintiff does not dispute the fact that it was necessary for the defendant to retain the services of an interpreter in order to conduct the examination. Nor does the plaintiff contest the reasonable value of such services or the stenographic services incurred. The expense incurred for such interpreter was necessary, for which the defendant is entitled to be reimbursed. (See People ex rel. Levy v. Grout, 37 Misc. 430.)
Accordingly, the motion to disallow the taxable costs allowed as herein indicated is denied in all respects.