Burton S. Sherman, J.
The third-party defendant’s motion for reargument is granted and upon reargument the original decision is adhered to.
On the initial motion by the plaintiff brought pursuant to section 1909 of the New York City Civil Court Act to review the Judgment Clerk’s taxation of costs, the questions presented were whether printing costs of the record on appeal to' the Appellate Term were properly included as a disbursement in the judgment entered by the successful third-party defendant on appeal against the plaintiff and whether the court upon this review may consider the afore-mentioned disbursement which was not specifically objected to before the Judgment Clerk.
As to the latter question, the facts are that the plaintiff objected generally before the Judgment Clerk to the taxing of *63 costs and disbursements against it, claiming that they should not have been awarded by the Appellate Term. These general objections lacked merit. However, plaintiff for the first time on this motion to review-the taxation of costs objected specifically to the authority of the Judgment Clerk to tax printing costs as an allowable disbursement.
The general rule is that the court on a motion pursuant to section 1909 of the New York City Civil Court Act to review the taxation of costs may not consider any item not objected to before the Clerk. (See cases cited 24 Carmody-Wait 2d, New York Practice, § 148:157, p. 675.)* This rule assumes statutory authority by the Clerk to tax costs and disbursements in the first instance and is therefore concerned with the propriety of the allowance only. For a party is not permitted to retain costs that were awarded without statutory authority by a Clerk even where no specific objection was made below. (Leyden v. Brooklyn Heights Ry. Co., 122 App. Div. 383, affd. 197 N. Y. 525. Also, see, cases cited in 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 8404.03, p. 84-29.) The Clerk’s function is ministerial and he cannot tax any item not allowable by statute (CPLR arts. 80-83; CCA, § 1908). Like a jurisdictional defect which may be raised for the first time on appeal, a claim of lack of authority of the Clerk to the taxing of costs and disbursements may be raised for the first time on a motion to review under section 1909 of the New York City Civil Court Act. (Irving Trust Co. v. Leff, 137 Misc. 834, revd. on other grounds 233 App. Div. 657; also, see, cases cited 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8401.03, p. 84—6.) In the instant case the issue is the statutory authority of the Clerk initially to tax printing costs as a disbursement. Moreover, the general objections raised below may well have been broad enough to encompass the specific item now before the court. (Nicholson v. 300 Broadway Realty Corp., 25 Misc 2d 352, 353.) In any event the item now challenged, namely, the printing bill is properly reviewable by the court.
As to the second question, a permissible disbursement not specifically enumerated in the Civil Court Act is governed by *64 CPLR 8301 (CCA, § 1908, subd. [f]; Santiago v. Johnson, 61 Misc 2d 746).
CPLR 8301 provides “ A party to whom costs are awarded in an action or on appeal is entitled to tax his necessary disbursements for: * * # 6. the reasonable expenses of printing the papers for a hearing, when required ”. (Emphasis added.) What is “ required ” has been construed to mean that the printing must be undertaken in order to comply with a specific mandate such as a statute, rule, or order issued by a court or referee. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8301.17 and cases cited thereunder.) Section 1705 of the New York City Civil Court Act, in keeping with a policy to minimize litigation expenses in courts of limited jurisdiction states, ‘ ‘ The printing of neither the record nor the briefs shall be required unless the rules of this court shall so provide in designated classes of appeals.” There is no rule of the Civil Court at present requiring the printing of a record or brief in any classes of appeals. (Cf. CPLR 5529; Sup. Ct. Rules, 1st Dept., App. Term, § 640.2, subd. [a]; 22 NYCRR 640.2[a].)
It follows that the printing of the record of the third-party defendant appellant was not “required” and the Clerk’s allowance of the cost as a taxable disbursement was improper.
The initial motion was therefore properly granted to the extent of disallowing the Clerk’s taxation of the item of $815.54 as a disbursement and directing him to amend the judgment accordingly. >

 CPLR 8404 requires the court to review “any item objected to before .the clerk.” While the language of section 1909 of the New York City Civil Court Act is different from CPLR 8404, I conclude by implication that the same rule as to the scope of review of taxation of cost is applicable to a Civil Court proceeding. For section 1907 of the New York City Civil Court Act requires notice of taxation of costs before the Clerk and this presumably is to permit objection by an adverse party.