OPINION OF THE COURT
William J. Gregg, J.
This is a motion by plaintiffs in the above-entitled action by Henry J. Holley, Esq., their attorney, for a motion to consolidate an action heretofore started in the Town Court, Town of Deerpark, Orange County, New York, in which the defendant George Berski in such action is plaintiff, and the plaintiffs in this action are the defendants in such action in such Town Court.
Plaintiffs in the above-entitled action seek to consolidate such action with this action in the City Court of Port Jervis on the grounds that the plaintiff Berski in the Town Court commenced the action against the defendants Davis and Aquino, now the plaintiffs in this action, for rents due for the months of May and June by a summons dated July 12, 1978, and that Davis and Aquino, now plaintiffs in this action, have commenced an action against Berski defendant in the City Court of Port Jervis for money damages sustained by them as tenants of such Berski, both actions having to do with money damages.
*802 Plaintiffs now seek on reargument of such motion to this court as argument for the granting of such motion the following statement of law, to wit: article VI (§ 19, par i) of the New York State Constitution, which recites as follows, to wit: "As may be provided by law, the district court or a town, village or city court outside the city of New York may transfer any action, or proceeding, other than one which has previously been transferred to it, to any court, other than the county court or the surrogate’s court or the family court or the supreme court, having jurisdiction of the subject matter in the same or an adjoining county provided that such other court has jurisdiction over the classes of persons named as parties.”
As to the question, to wit: "As may be provided by law”, the court has noted section 212 of the Uniform City Court Act, which reads as follows: "In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings.” The question now arises as to whether or not that section of law gives to the City Court the powers under article VI (§ 19, par i) of the New York State Constitution to render a decision now asked for by plaintiffs, to wit: the granting of such motion to consolidate such action now arising in the Town of Deerpark with the action arising in the City Court of Port Jervis.
Section 2102 of the Uniform City Court Act, entitled "Civil practice; general provisions; CPLR applicable”, states: "The CPLR and other provisions of law relating to practice and procedure in the supreme court, notwithstanding reference by name or classification therein to any other court, shall apply to this court as far as the same can be made applicable and are not in conflict with this act.”
Under CPLR article 6 entitled joinder of claims, consolidation and severance, CPLR 602 (subd [a]) entitled consolidation states: "When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.” CPLR 602 (subd [b]) entitled cases pending in different courts, states: "Where an action is pending in the supreme court it may, upon motion, remove to itself an action pending in another court and consolidate it or have it tried together with that in the supreme court. Where an action is pending in the county court, it may upon motion, *803 remove to itself an action pending in a city, municipal, district or justice court in the county and consolidate it or have it tried together with that in the county court.”
In the matter of Santiago v Johnson (61 Misc 2d 746, 747) the court stated "Section 2102 provides that the CPLR and other provisions of law relating to practice and procedure in the Supreme Court, notwithstanding reference by name or classification therein to any other court, shall apply to this court as far as the same can be made applicable and are not in conflict with this act. The legislative intent in adopting the CPLR was to create as far as possible a uniform procedure to govern all types of civil procedure. It should be noted that in drafting the court acts other than the Supreme Court, the Legislature so drafted them that matters which should be governed by the CPLR are either omitted from said acts or, where there might otherwise be doubt about its applicability, express reference to the CPLR is made.”
In view of the fact that all the issues involved in the above-named cases are for money damages and in view of the fact that if the court has jurisdiction of the case now presently before it, and in view of the fact that it would mean additional costs and expenses to each party to try such case in each such court, this court holds that the actions may be consolidated under the Uniform City Court Act and may be tried as one action therein, thereby saving the parties costs and disbursements.