38   220
38   629
38   630

Henry H. Lyman, as State Commissioner of Excise of the State of New York, Appellant, *v.* Young Men's Cosmopolitan Club, Defendant, and Fidelity and Deposit Company of Maryland, Respondent.

*Taxation, in each of four actions, of mileage for the same witnesses — papers which may be used on a motion for a retaxation of costs.*

Where, in four actions upon similar bonds, given by a club as principal, and signed by a surety company, under the Liquor Tax Law, all of which appeared upon the day calendar for trial at the same time, four bills of costs are presented for taxation at the same time under four judgments in favor of the State Commissioner of Excise, in each of which mileage fees are taxed for the same witnesses, the clerk is not justified in refusing to tax the mileage of such witnesses in each case because the surety company objects that " it was not proper to tax more than one mileage for each witness, and inasmuch as the four bills of costs were before the court for taxation at the same hour, the clerk should look at the bills of costs and strike therefrom the names of any witnesses whose mileage had been already taxed in any one of the four causes," in the absence of proof in contradiction of the statement in the affidavits attached to the several bills of costs that " each of the persons above named as witnesses attended as such witness on the trial of said action the number of days set opposite their names; that each of said persons resided the number of miles set opposite their names from the place of said trial, and that each of said persons as such witness, as aforesaid, necessarily traveled the number of miles so set opposite their names in traveling to, and the same distance in returning from, the said place of trial."

Upon a motion for a retaxation of costs it is improper to use any other papers than those used before the clerk, except such as may be necessary to show his action; and it is irregular for the court to receive and consider, after the motion has been heard, an affidavit of the attorney of the moving party, presented without the knowledge of his opponent, which in some respects involves the merits of the clerk's ruling.

Appeal by the plaintiff, Henry H. Lyman, as State Commissioner of Excise of the State of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of January, 1899, denying the plaintiff's motion for a retaxation of costs.

*Royal R. Scott*, for the appellant.

*Charles L. Kingsley*, for the respondent.

McLAUGHLIN, J.:

This action was brought to recover upon a liquor tax bond, given by the defendant club as principal with the defendant Fidelity and Deposit Company as surety.  Three other actions upon similar bonds were commenced by the plaintiff against other defendants, and the four appeared upon the day calender for trial at the same time.  In each action the plaintiff recovered a judgment, and he thereafter served in each a bill of costs verified in the usual form as to disbursements, together with a notice of taxation.  The taxation of costs in each action was noticed at the same hour before the same taxing officer.  When the taxation of costs in this action was taken up, the defendant Fidelity and Deposit Company objected to the clerk's taxing the mileage of certain witnesses upon the ground that "it was not proper to tax more than one mileage for each witness, and inasmuch as the four bills of costs were before the Court for taxation at the same hour, the clerk should look at the bills of costs and strike therefrom the names of any witnesses whose mileage had been already taxed in any one of the four causes."  The objection was sustained, the clerk refusing to tax the mileage of seven witnesses amounting in the aggregate to $162.16.  The plaintiff excepted to this ruling and thereafter applied to the Special Term for an order directing a retaxation.  The application was denied, and the plaintiff appealed.  Upon the papers before the clerk, the plaintiff was clearly entitled to have the items which were disallowed taxed.  The affidavit attached to the bill of costs was the usual one.  It stated that the disbursements had been made or incurred in the action; that "each of the persons above named as witnesses, attended as such witness on the trial of said action the number of days set opposite their names; that each of said persons resided the number of miles set opposite their names from the place of said trial; and each of said persons, as such witness as aforesaid, necessarily traveled the number of miles so set opposite their names, in traveling to, and the same distance in returning from, the said place of trial."  No objection was made as to the sufficiency of the affidavit and the facts therein stated were not contradicted in any way.  Indeed, this was the only evidence before the clerk, and it was *prima facie* sufficient to entitle the plaintiff to have the items taxed.  The defendant contented itself in making an oral

objection.that the same mileage fees had been taxed and allowed to the plaintiff in another action. But what of it? If, in some other action, the plaintiff had taxed similar items, it was presumably because he was entitled to them, and that fact, of itself, did not disprove the evidence then before the clerk showing that he was entitled to the items sought to be taxed here. If there was any reason why the plaintiff was not entitled to tax the mileage of the witnesses referred to, it was incumbent upon the defendant to present legal evidence of that fact to the clerk in order that he might judicially pass upon and determine the question. This the defendant, however, did not do, and all the evidence that there was before the clerk was the affidavit of the plaintiff's attorney, and this, as we have seen, necessarily required the clerk to tax the items objected to.

A motion for a retaxation of costs must be made to and heard by the Special Term on the same papers used before the clerk. It is improper to use any other papers, except so far as they may be necessary to show the clerk's action. This is so for the reason that the motion for retaxation is in the nature of an appeal from the action of the clerk. The objection made by the defendant being oral, it was proper for the plaintiff, upon his motion for a retaxation, to show by affidavit just what took place before the clerk; but this did not involve the merits of the clerk's action, and it did not entitle the defendant to present an affidavit touching the merits. It appears, however, from the record before us that, after the motion had been heard and without any notice to the plaintiff, an affidavit, made by the defendant's attorney, was presented to and considered by the Special Term, which in some respect involved the merits of the clerk's ruling. This was clearly irregular. The defendant was not entitled to use such an affidavit, and certainly not without the consent of the plaintiff after the motion had been argued, and the Special Term ought not to have then received or considered it.

Upon the papers presented, the plaintiff was entitled to have taxed the items which were disallowed, and it, therefore, follows that the motion for a retaxation should have been granted. We are, however, of the opinion that the defendant should have an opportunity to be heard upon the merits, and, therefore, the order of the Special Term should be reversed and a new taxation directed before the clerk, with leave to either party to use, upon such new

taxation, such additional affidavits or papers as may be necessary
and proper.

The order should be reversed, with ten dollars costs and disburse-
ments, and the motion granted, with ten dollars costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ.,
concurred.

Order reversed, with ten dollars costs and disbursements, and
motion granted, with ten dollars costs.