## LEVITTAS v. HART.

(Supreme Court, Appellate Term. June 25, 1909.)

Costs (§ 218*)—Remedies for Erroneous Taxation—Retaxation by Court.
  Upon a motion for a retaxation of costs, only such papers can be used as were before the clerk of the court.

  [Ed. Note.—For other cases, see Costs, Cent. Dig. § 823; Dec. Dig. § 218.*]

Appeal from City Court of New York, Special Term.

Action by Sarah Levittas against Frieda Hart. From an order denying plaintiff's motion to retax costs and to have a certain item disallowed, plaintiff appeals. Order modified, and, as modified, affirmed.

See, also, 116 N. Y. Supp. 636.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Henry Kuntz (A. Pinkney Wilkes, of counsel), for appellant.
Joseph Rosenzweig, for respondent.

GILDERSLEEVE, P. J. When this action came on for trial, the defendant moved to dismiss the complaint upon the ground that it did not state facts constituting a cause of action. Plaintiff thereupon moved for leave to withdraw a juror in order to enable him to apply at Special Term to amend the complaint. This motion was granted upon payment of "a trial fee, to wit, the sum of $30." Thereafter, the plaintiff moved at Special Term of the City Court for leave to amend the complaint, and such leave was granted upon payment of "taxable costs of the action." Upon an affidavit setting forth that the plaintiff paid the $30 imposed by the trial justice as a condition for leave to withdraw a juror, and that the defendant had noticed a bill of costs, to be taxed before the clerk, upon the order granted by the

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Special Term allowing the defendant the taxable costs in the action as a condition for amending the complaint, and had included therein the item of $30 first imposed, and that the said item had been objected to, and allowed by the clerk, the plaintiff moved at Special Term for a retaxation of costs and to have the said item disallowed. This motion was denied, and from the order denying the motion the plaintiff appeals.

There is nothing in the moving papers showing that the alleged erroneous item of $30 was ever entered in any bill of costs and taxed by the clerk. No bill of costs was submitted, and nothing was before the Special Term, showing what occurred before the clerk upon the taxation of costs, if any there was, before him. It is true the plaintiff in his moving affidavit asserts that the said item was objected to and allowed by the taxing officer; but whether the objection was verbal or written, and what papers, bill of costs, or record was before the clerk upon such alleged taxation, does not appear. It devolved upon the plaintiff to show to the court clearly and explicitly what took place before the clerk, in order to enable it to pass upon his action. "If there was any reason why the plaintiff was not entitled to tax the mileage, * * * it was incumbent upon the defendant to produce legal evidence of that fact to the clerk, in order that he might judicially pass upon and determine the question." Lyman v. Young Men's Cosmopolitan Club, 38 App. Div. 220, 222, 56 N. Y. Supp. 712, 713. Nothing was shown to the Special Term that a bill of costs was presented to the clerk and by him allowed, containing the item of $30, and that the same was on file in his office, nor was it shown that the defendant refused to accept service of the amended complaint unless such item of $30 was paid. Upon a motion for a retaxation only such papers can be used as were used before the clerk. The appeal to the court is intended to review the errors actually committed before the clerk at the time of the taxation, and he cannot be put in error by proof furnished to the court afterward. La Rosa v. Wilner, 54 Misc. Rep. 574, 104 N. Y. Supp. 952, 955, and cases there cited.

In the case of Ferguson v. Wooley, 9 Civ. Proc. R. 236, cited by appellant, it was held "that it was not necessary to serve copies of the papers used before the clerk"; but this is far from holding that the papers, if any were used before the clerk, need not be presented to the Special Term. In fact, that same case holds that the moving party should obtain and present a certificate of the clerk showing fully what papers or records were used, and then produce to the court the original or certified copies. It is improper to use any other papers, except so far as they may be necessary to show the clerk's action. "This is for the reason that the motion for a retaxation is in the nature of an appeal from the action of the clerk." Lyman v. Young Men's Club, supra.

It follows, therefore, that the court below had nothing before it upon which to determine whether or not the clerk's action was justified, and the motion should have been dismissed, with costs.

Order modified, by providing that the same be dismissed, with $10 costs, and, as modified, affirmed, with $10 costs and disbursements. All concur.