## J. Samuel Malkin and Others, Plaintiffs, *v.* Katherine Derow and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District,
June 22, 1937.

*Liebowitz & Schuman*, for the plaintiffs.

*Julius Alan Weiss*, for the defendants.

Lewis (David C.), J.   Four plaintiffs seeking individual judgments joined in one complaint.   The two defendants prevailed. The clerk allowed four separate bills of costs and entered four separate judgments for such costs in favor of the defendants against each of the four plaintiffs individually.   The plaintiffs move to vacate such judgments, insisting that they are in violation of subdivision 11-a of section 164 of the Municipal Court Code. However, the defendants insist that the lapse of more than ten days since the taxation of the costs and the entry of the judgments and the service of copies of same on the attorney for the plaintiffs forecloses all consideration of the plaintiff's application.

Ordinarily, this would be so, but I do not believe that this application involves a review of the taxation of costs by the clerk.

It seems to me the motion involves the power of the clerk to act, rather than the propriety of his acts, for withal, the clerk remains a ministerial officer.   His authority is limited to the taxation of costs.   He cannot award costs.   For unless the statute awards a party a right to tax costs and enter a judgment, neither the court nor the clerk can allow costs and enter judgment for them.   The statute is the sole source of the right to costs, or,

as it has been repeatedly put, costs are the creature of statute. It follows that we read our answer to the question in the statute. Subdivision 11-a of section 164 of the Municipal Court. Code expressly restricts the costs of a successful defendant, where two or more plaintiffs join in one complaint, to one bill of costs against all coplaintiffs jointly. Hence, the plaintiffs had no right to the four separate bills of costs and judgment; the clerk had no power to tax the costs and enter the judgment.

It is one thing for the clerk to err in the exercise of a power he possesses. It is another thing to assume a power he never had. The failure to take a timely exception to one may give it a legal status, but this is not true of the other.

It seems to me there is a call for the abatement of the confusion, if not the conflict, of opinions of judges or courts, to say nothing of departments, upon questions of this nature. Would it not be wise for the Appellate Divisions to jointly adopt a rule on these questions and thus dispense with the necessity of repeated appeals? They present no controverted issues of fact; they are really matters of practice and procedure; and such a disposition would not only be simpler and better, but above all it would secure a uniform holding for a uniform statute.

I believe the foregoing views are in step with a recognized work on practice. (See 11 Carmody's New York Practice, § 326, at pp. 269, 270.)

For the reasons stated, the plaintiffs' motion should be granted. Settle order on one day's notice.