Michael Catalano, J.
This is a motion for a new taxation of costs, allowing the plaintiff interest at the rate of 6% per annum instead of 4% per annum, on the verdicts against the defendant, West Seneca Fire District No. 5; one verdict was for $2,000 for pain and suffering, and the other was for $55,000 for wrongful death.
The Clerk of Erie County ruled in favor of the fire district on a motion for retaxation of costs.
Section 1536 of the Civil Practice Act, provides, in part: “ A taxation or a retaxation may be reviewed by the court upon a motion for a new taxation. The order made upon such a motion may allow or disallow any item objected to before the taxing officer, in which case, it has the effect of a new taxation ”.
A motion for a new taxation must be made to and heard by the Special Term on the same papers used before the clerk; it is in the nature of an appeal from the action of the clerk. (Lyman v. Young Men’s Cosmopolitan Club, 38 App. Div. 220, 222.)
Section 3-a of the General Municipal Law, entitled, “ Rate of interest on judgments and accrued claims against municipal corporations,” provides:
“ 1. Except as provided in subdivision two of this section, the rate of interest to be paid by a municipal corporation upon any judgment or accrued claim against the municipal corporation shall not exceed three per centum per annum.” (Subd. 1, formerly first sentence, so numbered and amd. by L. 1956, ch. 691, eff. July 1, 1956. L. 1956 provided that, subject to other *972 provisions in snbcL 2, interest shall not exceed 3% on accrued claims. It used to be 4%.)
“ 2. The rate of interest to be paid upon any judgment or accrued claim against the municipal corporation arising out of condemnation proceedings or action to recover damages for wrongful death shall not exceed four per centum per annum.” (Subd. 2 added by L. 1956, ch. 691, eff. July 1,1956.)
“ 3. The term£ municipal corporation ’ as used in this section shall mean and include a city, county, village, town, school district, a special or public district organized for the purpose of financing the costs of public improvements or a pension or retirement system supported in whole or in part by any such city, county, village, town, school district or special or public district.” (Subd. 3, formerly last sentence of section, was so numbered by L. 1956, ch. 691, eff. July 1,1956.)
The general statute covering the rate of interest is 6% per annum, except as otherwise provided by law. (General Business Law, § 370.)
The question here is whether or not a “fire district” is included in the wording of section 3-a of the General Municipal Law.
Section 89-1 of the Public Service Law, entitled, “ Municipal water systems,” provides, in part: “‘public district,’ as here used, is * * * a fire district ” (emphasis supplied).
Section 6-g of the General Municipal Law, entitled “ Capital reserve funds for fire districts, ’ ’ provides, in part:
“ 1. As used in this section :
1 ‘ a. The term £ capital improvement ’ shall mean: * * *
££ (3) Any furnishings, equipment, machinery or apparatus for any physical public betterment or improvement ” (emphasis supplied).
Section 176 of the Town Law, entitled, ££ Powers and duties of fire district commissioners,” provides, in part:
“ Such board of fire commissioners * * *
‘ ‘ 18. May, without the adoption of a proposition, expend from the fire district revenues for any fiscal year amounts appropriated for * * *
“ (5) contributions to the state employees’ retirement system on account of past and current services (emphasis supplied). * * *
“ (10) employer’s contributions for old age and survivors insurance coverage under article three of the retirement and social security law,” (emphasis supplied).
Particular reference is made to article 11, entitled ‘ ‘ Fire Districts,” of the Town Law, also, Conservation Law, Local Finance *973 Law, General Municipal Law, Village Law, Public Officers Law, Election Law, Public Housing Law, Personal Property Law, Unconsolidated Laws; all of which describe in many ways the nature of the duties and powers of fire districts.
Chapter 585 of the Laws of 1939 entitled, ‘ ‘ an act in relation to the rate of interest to be paid by certain public corporations upon judgments and accrued claims,” provides, in part: “ The rate of interest to be paid by a public corporation upon any judgment or accrued claim against the public corporation shall not exceed four per centum per annum. The term ‘ public corporation ’ as used in this act shall mean and include every corporation created for the construction of public improvements, other than a * * * fire district ”.
This last section is clearly a catchall to be read with section 3-a of the General Municipal Law, because generally a “ public corporation ’ ’ includes a municipal corporation, a district corporation and a public benefit corporation, whereas a “ municipal corporation” includes a county, city, town, village and school district. (See: General Corporation Law, § 3; General Municipal Law, § 2.)
Statutes which are in pari materia (“of the same matter ”) though passed at different times are to be construed together. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 221.)
Courts have long exercised authority to determine in accordance with legal rules and principles whether or not interest should be directed to be paid and the rate thereof. Section 3-a of the General Municipal Law restricts this power in one particular only, a maximum is imposed, because it reads “ shall not exceed ” (People ex rel. Emigrant Ind. Sav. Bank v. Sexton, 284 N. Y. 57, 61). Interest is given as damages for delay in payment of the principal obligation, (supra, p. 62.)
When the motion, as here, presents a question of law, the Special Term should allow or disallow the item instead of ordering a new taxation before the clerk. (Crosley v. Cobb, 37 Hun 271, 274 [4th Dept.].)
It is deemed a question of law and this court finds that a “ fire district ’ ’ is included in the wording of section 3-a of the General Municipal Law.
Motion denied, without costs. Prepare and submit order accordingly.