Arthur C. Aulisi, J.
Petitioner-appellant, hereafter referréd to as appellant, moves by way of order to show cause to vacate *801 the judgment and bill of costs entered in the office of the Clerk of Fulton County on November 12, 1971 following an order of affirmance with costs on October 21,1971 by the Appellate Division [37 A D 2d 917] of a judgment in favor of the respondents in the above-entitled actions. The only-issue to be decided on this motion is whether the disbursement of $1,715.35, for printing respondents’ appendix and brief on the appeal to the Appellate Division, is a proper cost under CPLR 5528 and 8301.
Pending said appeal to the Appellate Division, respondents moved in that court, pursuant to CPLR 5528, for an order directing appellant to print certain portions of the record omitted by appellant in Ms appendix, and wMch respondents deemed necessary for the consideration of the questions involved. Respondents’ motion was denied without costs, whereupon respondents printed other portions of the record and incorporated them into an appendix.
Following affirmance of the judgment of the trial court by the Appellate Division and the filing of said judgment and hill of costs in the Fulton County Clerk’s office by respondents, appellant, by permission of the Court of Appeals, appealed to the latter court which thereafter affirmed the order of the Appellate Division (31 N Y 2d 940). It is worthy of note, however, that pending the argument on the appeal to the Court of Appeals, respondents moved in that court to compel appellant to amend Ms appendix and to print other parts of the record deemed by respondents necessary for consideration. In denying respondents’ motion, without costs, the Court of Appeals said; *1 ORDERED, that the said motion be and the same hereby is denied as the respondents are free to file their own appendix which, if they should be successful on the appeal, will be a taxable cost against the appellant.”
From an examination of the voluminous record, the numerous affidavits, correspondence, etc. submitted to the court on this motion, it cannot be said that respondents’ appendix was not relevant to the issues presented on the appeal.
Appellant claims that he prepared his appendix in accordance with some u understanding ” or “ agreement ” he had with one or another of respondents’ attorneys, and that he did not comply with the Assistant City Attorney’s letter of July 8,1969 because the Assistant City Attorney told Mm to ignore it. Respondents challenge these assertions by appellant in various affidavits before the court.
The statute sets forth the requirements to be followed in preparing a record on appeal CPLR 5525-5528, 5532. Concededly, there has not been a settlement of the transcript nor any certi *802 fication of the record or stipulation in lieu of certification. Under the appendix system which is designed to he a convenience both to the court and to the parties, the appellant has the duty of presenting the issues in a concise and clear manner. If not complied with, it becomes an encumbrance multiplying the time necessary for the proper consideration and disposition of the appeal. (Lo Gerfo v. Lo Gerfo, 30 A D 2d 156; Kimberly-Clark Corp. v. Power Auth., 35 A D 2d 330.) The appellant has the primary burden of presenting an appendix which complies with the requirements of CPLR 5528 (subd. [a], par. 5). He is not relieved of this responsibility by the fact that respondent may also submit an appendix containing such additional parts of the record as are necessary to consider the questions involved. (CPLR 5528, subd. [b].) An appellant who submits the appeal upon an appendix must abide by the consequences of the inadequacy of the appendix if it is found to be insufficient. (E. P. Reynolds, Inc. v. Nager Elec. Co., 21 A D 2d 306.)
The ultimate determination of who shall be responsible for the costs of the supplemental appendix should be made when the appeal is decided on the merits. (Kimberly-Clark Corp. v. Power Auth., 34 A D 2d 1095.) Implicit in the Appellate Division affirmance of the judgment, with costs, on October 21,1971, was an award for costs incurred by respondents in printing their, appendix and brief. Had the Appellate Division intended otherwise, it would have so provided. The conclusion reached here on the issue raised by this motion is consistent with the quoted language of the Court of Appeals on respondents’ motion in that court to compel appellant to amend his appendix.
There remains for consideration the question of the correct amount disbursed by respondents for their appendix and brief. Documentary proof has been submitted to the court showing that respondents ’ appendix and brief on the appeal to the Appellate Division were printed by the Reporter Company; that the original bills submitted by the printer totalled $1,715,35; that, respondents’ bill of costs, following affirmance of the judgment by the Appellate Division, was prepared and filed pursuant to those bills; that respondents, being exempt from payment of State and county sales tax which were part of the bills submitted by the Reporter Company, deducted the county and sales tax therefrom and actually paid the Reporter Company the sum of $1,618.25, namely, $1,518.90 for the appendix and $99.35 for the brief. Therefore, said bill of costs should be amended by reducing the printing item from $1,715.35 to $1,618.25. Appellant’s motion is otherwise denied.