John R. Tenney, J.
The plaintiffs brought an action for declaratory judgment to determine the unconstitutionality of a particular section of the Town Law. The issue was appealed to the Court of Appeals, and the plaintiffs prevailed in the action. In this proceeding, the defendant wishes a clarification regarding the awarding of costs.
Special Term denied the motion for summary judgment, and the defendants Murphy appealed and stipulated before the Appellate Division that there were no issues of fact. The Appellate Division decided in favor of the plaintiffs, and its order specified ‘ ‘ with costs ’ ’. The defendants Murphy appealed to the Court of Appeals, and the judgment was affirmed without costs.
In Sweeney v. Murphy (39 A D 2d 306), the court does not indicate any unusual intention regarding costs, but merely exercises discretion under CPLR 8107. There was no mention of the codefendants in the Appellate Division decision, and it appears from the decision that they did not join in the appeal. Furthermore, it appears that they were at best nominal defendants at all times. Thus, there is no basis in the record for taxing costs by the appellate court against parties who did not participate in the appeal.
It is well established that an appellate court holding without costs in the absence of some explanation applies to court costs in that court only. (See, generally, 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 8107.06, 8107.07; Di Tomasso v. Loverro, 276 N. Y. 681; Trustees of the Presbytery of N. Y. v. Westminster Presbyt. Church, 223 N. Y. 586; Fulton v. Krull, 151 App. Div. 142.)
Patten v. Stitt (50 N. Y. 591) appears to be contrary, but a careful reading indicates that the lower court award of costs was ‘ ‘ dependent upon the event of the action ’ ’. Obviously, the Court of Appeals construed the lower court judgment as if it were an award of costs to ‘ ‘ abide the event ’ ’. Thus, the dis- *504 allowance of costs was construed by the court as an intention to disallow costs in all courts. (See CPLR 8107 and for further discussion see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8107.06.)
There is no merit to defendants’ argument that plaintiffs erred in including the $25 item in the bill of costs. Costs before the note of issue are statutory (CPLR 8201) and would necessarily be included in any award of costs by the Appellate Division in the absence of any expression to the contrary.