■ JACOB M. SHAPIRO, Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant, et al., Defendant.—In an action, *inter alia,* to declare that certain disclaimers of coverage by the defendant insurers were improper and wrongful, defendant Aetna Casualty and Surety Company appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated January 31, 1977, as granted plaintiff's motion to dismiss affirmative defenses and for summary judgment to the extent of (a) requiring defendants to defend the action and (b) directing a hearing to assess damages incurred by plaintiff in the defense of the action, (2) from an order of the same court, dated May 20, 1977, which denied Aetna's motion for reargument and (3) from the judgment of the same court, dated September 27, 1977, which is in favor of plaintiff upon the assessment of damages had pursuant to the first above-described order. Appeal from the order dated January 31, 1977 dismissed on the grounds (1) of failure to file a timely notice of appeal and (2) the right to take an independent appeal from the order terminated with entry of the judgment (see *Matter of Aho,* 39 NY2d 241, 248). Appeal from the order dated May 20, 1977 dismissed. No appeal lies from the denial of a motion for reargument. Judgment reversed, on the law, and motion to dismiss affirmative defenses and for summary judgment denied. Appellant is awarded one bill of costs to cover all appeals. There was a triable issue of fact whether the professional liability coverage under defendant Aetna's policy of insurance was in effect at the relevant times. The policy at issue—which by its terms covered the three-year period of May 13, 1973 to May 13, 1976—originally contained excess professional liability coverage. On December 5, 1973 the agency that wrote the policy on behalf of plaintiff eliminated the aforesaid coverage from its policy—allegedly at plaintiff's request—and so notified Aetna. The latter complied with the request by proper indorsement and remitted its draft for $82 (unearned premium) to the agent. The date of the occurrence long antedated the commencement of the underlying suit which precipitated this action. If proof ·of the receipt of $82 by plaintiff, in the form of cash, credit or otherwise, had been shown in the record, we would have granted summary

judgment to Aetna. The question whether such amount was received by plaintiff constitutes the triable issue of fact to be determined at Special Term. Titone, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.