OPINION OF THE COURT
Harry T. Nusbaum, J.
After verdict for the plaintiff in this death action, a question has been raised concerning the proper rate of interest to be charged on items of damages for which interest is allowable under EPTL 5-4.3 from the date of the decedent’s death to the entry of judgment. The plaintiff and the defendants agree that the starting point for any discussion on the issue is subdivision 5 of section 1276 of the Public Authorities Law, but their thinking diverges thereafter.
Additionally, the plaintiff has asked the court to determine whether interest runs from the date of death or the date of judgment on those damages awarded by the jury as compensation for the widow’s loss of consortium pursuant to this court’s holding in Lehman v Columbia Presbyt. Med. Center (93 Misc 2d 539).
Subdivision 5 of section 1276 of the Public Authorities Law states; "[t]he rate of interest to be paid by the [Metropolitan Transportation] authority upon any judgment for which it is liable shall not exceed four per centum per annum.” The plaintiff contends that this statute, which explicitly determines the rate of interest applicable after a judgment, does not establish a rate of interest to be paid from the time of a decedent’s death until the entry of judgment. The plaintiff interprets this absence of a specific provision as an indication *22 that the Legislature intended the legal rate of interest prescribed by the General Obligations Law to be applicable. It has also been alleged that under section 3-a of the General Municipal Law, municipalities must pay 6% prejudgment interest in death cases and it would be incongruous to extend an exemption to the defendant, which government municipal entities do not enjoy.
The defendants contend that although subdivision 5 of section 1276 of the Public Authorities Law may be silent on the question of the proper interest rate to be paid on accrued claims as opposed to judgments nothing in the statute would indicate that defendants should pay more than 4%. Moreover, chapter 585 of the Laws of 1939 is cited as prescribing a 4% rate to be paid on both accrued claims and judgments by public corporations, into which category the Metropolitan Transportation Authority and Long Island Railroad Company happen to fall. This statute is alleged to be in pari materia with subdivision 5 of section 1276 of the Public Authorities Law.
I am of the opinion that the defendants are required to pay only 4% interest upon any accrued claim as well as upon any judgment. Under section 1263 of the Public Authorities Law, the Metropolitan Transportation Authority is a "public benefit corporation”. Chapter 585 of the Laws of 1939 is applicable to public benefit corporations and its provisions cannot be ignored (see Gebhardt v West Seneca Fire Dist. No. 5, 17 Misc 2d 971, affd 9 AD2d 1019). Rather the statute is a catchall enactment, highly consistent with subdivision 5 of section 1276 of the Public Authorities Law. Accordingly, I find that chapter 585 of the Laws of 1939 is controlling.
It may indeed be incongruous that municipal corporations should pay 6% interest in death cases while the defendants should pay less. However, a 6% interest rate is not a universal rule. The New York City Transit Authority pays only 3% interest in such cases (Public Authorities Law, § 1212, subd 6), and it would seem a greater incongruity to require the defendants to pay far more than the New York City Transit Authority when both entities are similarly created by the Public Authorities Law, both are public benefit corporations (cf. Public Authorities Law, §§ 1201 and 1263), both perform essential governmental functions (cf. Public Authorities Law, §§ 1202 and 1264), and both have similar privileges and rights (cf Public Authorities Law, §§ 1216, 1212 and §§ 1275, 1276).
*23 On the other hand, the defendants are not so akin to a municipality as defined in subdivision 3 of section 3-a of the General Municipal Law, as to be governed by the General Municipal Law.
The issue of whether interest runs from the date of death or the entry date of judgment, on damages for the widow’s loss of consortium appears to be a question of first impression. Only recently have courts explicitly indicated that a surviving spouse actually can state a claim for loss of consortium in wrongful death cases. Last March, in Lehman v Columbia Presbyt. Med. Center (93 Misc 2d 539, supra), this court itself declared that such a loss could be considered a pecuniary loss under EPTL 5-4.3.
EPTL 5-4.3 provides that interest on the principal sum recovered in death actions shall run from the date of the decedent’s death. Guided by this statute and the court’s previous holding in Lehman, I am of the belief that interest should be paid by the defendant on the widow’s recovery for loss of consortium from the date of the decedent’s death at the rate of 4% per annum.