■ JACOB M. SHAPIRO, Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant, et al., Defendant.—In an action for a declaratory judgment, defendant Aetna Casualty and Surety Company appeals from so much of an order of the Supreme Court, Nassau County, dated February 27, 1979, as granted plaintiff's motion to vacate a judgment of the same court, entered November 9, 1978, awarding Aetna the costs of an appeal (see *Shapiro v Aetna Cas. & Sur. Co.,* 62 AD2d 1016). Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and judgment reinstated. Special Term vacated a judgment for costs ordered by this court in favor of the appellant herein on a prior appeal between the parties. Special Term's decision was based on CPLR 8301 (subd [a], par 6), which allows printing expenses only when required by statute or by a rule or order of a court or referee (see *Society of N. Y. Hosp. v Mogensen,* 81 Misc 2d 1089; 8 Weinstein-Korn-Miller, NY Civ Prac, par 8301.17). Given that neither CPLR 5529 (subd [a]) nor 22 NYCRR 670.17 (b) require the printing of appellate briefs or records, Special Term's reasoning would appear to be correct, except for the provisions of CPLR 8301 (subd [a], par 12). That section provides that a party is entitled to tax his "reasonable and necessary expenses" if such expenses are taxable "according to the course and practice of the court". It has always been the policy of this court to allow printing fees as taxable disbursements, where such fees are reasonable and necessary within the context of the litigation. Since it cannot be said that the printing expenses incurred by the appellant on its prior appeal were either unreasonable or unnecessary, Special Term should not have vacated the judgment for those costs. Mangano, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.

■ BELLE SIEGEL, Respondent, v AARON SIEGEL, Appellant.—Order of the Supreme Court, Nassau County, entered February 6, 1979, as resettled by an order of the same court dated March 23, 1979, affirmed, with $50 costs and disbursements. The notice of appeal is deemed to be a premature notice of appeal from the order entered February 6, 1979. No opinion. Mollen, P. J., Hopkins, O'Connor and Lazer, JJ., concur.