OPINION OF THE COURT
Lewis R Friedman, J.
This motion to retax disbursements raises important issues of practice which are rarely heard by the court because they are usually resolved by the judgment clerk.
Petitioners brought this proceeding pursuant to EDPL 207 seeking to challenge respondent’s condemnation of land to be used for the construction of housing for low-income and formerly homeless families. The proceeding was dismissed (East Thirteenth St. Community Assn. v New York State Urban Dev. Corp., 189 AD2d 352, affd 84 NY2d 287). The Court of Appeals awarded respondent costs, and denied petitioners’ subsequent motion to delete the award of costs. Respondent taxed costs and disbursements without notice before the judgment clerk of this court (CPLR 8403). The clerk allowed the costs and disbursements in the amounts sought. After respondent served a notice of the taxation, petitioners served a notice of retaxation (CPLR 8403) and objected to various items of disbursements. The clerk adhered to the original amount and referred petitioners’ arguments to the court.
Costs are to be awarded to "[t]he party in whose favor an appeal is decided” unless otherwise directed by the appellate court (CPLR 8107). An award of costs on any appeal is, therefore, discretionary with the appellate court, which may determine whether to award costs only in that court or in the lower courts as well (cf., Matter of Goebel, 272 App Div 146; Sweeney v Murphy, 76 Misc 2d 502, 503). Since courts do not have the power to alter the statutory amount of costs (Sachs v Screen Tek, 279 App Div 632), no issue is raised here.
*591 "A party to whom costs are awarded * * * on appeal is entitled to tax his necessary disbursements” (CPLR 8301). That rule provides the setting for the novel issues presented here.
A threshold procedural issue is easily resolved. Costs and disbursements are "taxed” or computed with or without notice (CPLR 8402, 8403) before the clerk (CPLR 8401). The clerk reviews documents submitted in support of the claimed disbursements to determine whether they reflect expenses within the categories set out in CPLR 8301 (a) (1)-(12). The clerk disallows items "not supported by affidavit showing that they have been necessarily incurred and are reasonable in amount” (CPLR 8401). The clerk’s role is solely ministerial; the clerk is not to exercise judgment (see, Malkin v Derow, 163 Misc 731; Society of N. Y. Hosp. v Mogensen, 75 Misc 2d 62, 63, read on other grounds 81 Mise 2d 1089; Cepeda v Hertz Corp., 183 AD2d 614). Thus the clerk may not go behind an affidavit of necessity and reasonableness and make an independent determination on those issues. The determination on disputed matters is solely for the court on a motion, such as the one at bar, to review the clerk’s taxation (CPLR 8404; cf., Male v Crowningshield, 42 Misc 2d 173, 175; Matter of Verga v Scaduto, 99 AD2d 534). When the clerk has passed on the issues presented, the aggrieved party, based solely on "any item objected to before the clerk” (CPLR 8404), may "in the nature of an appeal from the action of the clerk” obtain relief in this court (Lyman v Young Men’s Cosmopolitan Club, 38 App Div 220, 222; Gebhardt v West Seneca Fire Dist. No. 5, 17 Misc 2d 971, affd 9 AD2d 1019).
In this case petitioners raise several previously unresolved issues regarding the amount taxed for "printing” respondent’s supplemental appendix and respondent’s brief in the Court of Appeals. It has been settled by long-established practice that the cost of reproducing the record or appendix and briefs are proper disbursements to be taxed against the party responsible for "costs” so long as the charges are "reasonable and necessary” (see, e.g, Shapiro v Aetna Cas. & Sur. Co., 73 AD2d 616; CPLR 8301 [a] [6]). Prior to argument of the appeal the Court of Appeals granted petitioners’ motion to strike 26 pages of the supplemental appendix and the brief references to those pages. Petitioners challenge the disbursements insofar as there is a charge for pages which were stricken by the Court of Appeals. Respondent contends that since neither the order striking the pages nor the order awarding it costs of the *592 proceeding made reference to disbursements for the stricken matter, the issue has been resolved by the Court of Appeals. A review of the structure of the costs and disbursements article of the CPLR leads this court to conclude that the issue of who would be responsible for paying for material which respondent improperly included in its supplemental appendix was not before the Court of Appeals. The amount of costs and disbursements is not first presented to an appellate court for decision. Rather, the matter is first resolved by the clerk in the court of first instance (see, CPLR 8401). This court may review that taxation. Only after an appeal is taken from this court’s order allowing or disallowing costs and disbursements is an appellate court confronted with the issue. Thus the propriety of the expense is for this court.
This court has no doubt that a party may not tax as a disbursement the cost of reproducing materials in an appendix which are irrelevant, improper, or not contained in the record on the appeal. It appears in this case that the material that the Court of Appeals struck was dehors the record. Inclusion of that material was patently improper. This court holds that the Court of Appeals decision resolves the issues of the propriety of inclusion of this matter for all purposes. Only "reasonable expenses” of printing are allowed as "necessary disbursements” (CPLR 8301 [a]). Matter which has been stricken is neither "necessary” nor "reasonable.” This court can conceive of no purpose for allowing a party to charge its adversary for its own wrongdoing.
Petitioners also claim that disbursements should not be allowed for the 23 pages of respondent’s supplemental appendix to which respondent failed to refer in its brief. In order to resolve the question the court must first visit the rules governing the appendix method of appeal. An appellant may file an appendix "containing only such parts of the record on appeal as are necessary to consider the questions involved, including those parts the appellant reasonably assumes will be relied upon by the respondent” (CPLR 5528 [a] [5]). The Court of Appeals Rules require compliance with CPLR 5528 and inclusion of certain specific additional items (22 NYCRR 500.6 [a]). A respondent may also file an appendix which "shall contain only such additional parts of the record as are necessary to consider the questions involved” (CPLR 5528 [b]). The Court of Appeals Rules provide that a party aggrieved by "an inadequate appendix” may file its own appendix "containing such additional parts of the record as are deemed necessary to *593 consider the questions involved” (22 NYCRR 500.6 [c]). Since 1984 the Court of Appeals has indicated its preference for respondents to file appendices rather than to move to strike appellant’s appendix as permitted by the rules.
There can be little doubt from a review of these rules that a respondent on an appeal is limited in its appendix to the inclusion of "necessary” material only. That necessity is the same standard which is used in the CPLR 8301 (a) definition of allowable disbursements. It is therefore evident from the rules that a respondent’s cost of printing material that is not "necessary” in its appendix may not be taxed as a disbursement. Portions of an appendix need not be specifically cited in a brief in order to be "necessary” for the consideration of the issues before the appellate court. For example, a respondent’s appendix may provide a proper contextual setting for the materials which a respondent does use in its argument or may complete material referred to by the appellant. Here respondent has failed to demonstrate to this court that the 23 pages at issue were "necessary”. Respondent concedes that it did not refer to the challenged pages in its brief and offers no argument to show that the pages were "necessary to consider the question involved”. It is not sufficient for a motion such as this merely to claim, as respondent does, that, in general, appellants are not limited in their appendix to the material relied upon in their briefs. Of course, since an appellant in its appendix has to anticipate a respondent’s argument it should not be faulted for being overinclusive in the event it failed to anticipate correctly. However, respondents are more limited in what they may include. A respondent serves its brief, the only document referring to the material in the supplemental appendix, together with that appendix. Therefore the respondent has complete knowledge of the material that should be included. On this record, in the absence of any explanation, the cost of printing the 23 pages must be excluded.
Finally petitioner contends that respondent’s cost for printing is too high because petitioner spent far less in printing its brief. It appears that respondent used Counsel Press, which is a well-known "full-service” appellate printer, while petitioner used Sentinel Copy, which is not. It also appears that as part of its services Counsel Press retains a "paralegal” to help it fulfill its "guarantee” that its printed product will be accepted for filing. Counsel Press does not separately bill for paralegal services. Petitioner contends that paralegal ser *594 vices are essentially legal fees, not subject to disbursement. The standard for approval of a disbursement amount is whether the cost is "reasonable”. That clearly does not mean that only the cheapest provider may be used. The court notes that many New York City law firms traditionally have used full-service printers. This permits, for example, work to be done at the last minute without fear of court rejection of the result. Whether the person employed by the printer is called a "paralegal” or is merely a well-trained ordinary employee does not change the higher costs of the full-service printer into a legal fee. This court does not believe that the charges and quality of the work performed by the "corner print shop” should become the norm of the profession. Further, acceptance of petitioners’ argument would require the court to review nearly every bill of costs where the appellate court has awarded costs and disbursements. Since the judgment clerk may not exercise judgment, and the lowest price in the community is not an established fact on which the clerk may rely, every printing bill would require the court’s intervention. That is contrary to the time-honored practice of having cost and disbursements taxed by the clerk, is wasteful of court resources, and encourages obstructive behavior. This court does not find the charges incurred by respondent to be unreasonable.
The motion to retax costs is granted to the extent that the charges for printing 49 pages of the appendix are disallowed. The disbursement for printing, based on the court’s calculation, is reduced to $1,235.56, which includes the appropriate sales taxes. In all other respects the taxation is allowed. Respondent shall submit a new order for costs and disbursements totalling $1,893.59.