*562 OPINION OF THE COURT
David Goldstein, J.
This is but another in a long line of endless motions in what appears as a never-ending battle in this marital dispute, which began seven years ago, in 1991.
The latest is an application by the wife to vacate the bill of costs, which had been filed by the husband pursuant to the October 7, 1996 order of the Appellate Division, Second Department, which had reversed the order of this court, entered August 22, 1995, dismissed the appeal from the order of June 16, 1995, and awarded defendant one bill of costs. The branch of the motion to release an undertaking for counsel fees, in the sum of $2,000, plus interest, has been withdrawn, payment having been made prior to the hearing, which was directed by order of this court.
The present dispute, which concerns the bill of costs filed September 10, 1997, relates to (1) disbursements for copies and binding of 14 copies of the record on appeal, the brief and reply brief, copying at 25 cents per page, binding at $1 per copy, or a total of $612.50, and (2) the cost of securing an undertaking to stay execution of a money judgment pending appeal, i.e., borrowing $41,672.29, from August 12, 1996 to April 7, 1997, at a 97/s% rate of interest, plus the Finance Commissioner’s statutory fees, a total of $2,410.88. Plaintiff seeks vacatur of the bill of costs and, in its place, requests that defendant be awarded $1 in costs.
In seeking vacatur of the bill of costs, plaintiff argues that, since defendant is an attorney with Legal Services for the Elderly, he produces motions and appeals at no cost to himself, he and his former attorney (his supervisor) using office facilities for that purpose. While the bill lists the reproduction and binding as “disbursements”, the sums were not actually paid. According to both defendant and his former counsel, the office practice was to defer payment until collection from the adverse party, evidenced in part by an invoice dated five days after the bill of costs was filed.
Under the circumstances, in my view, notwithstanding that the appellate costs were not actually paid, on the facts of this case they may be recovered as taxable disbursements under CPLR 8301 (a) (6), which authorizes “reasonable expenses of printing the papers for a hearing, when required”. It is recognized that the cost of reproducing the record or appendix and briefs are proper disbursements, which may be taxed as *563 “costs” as long as the charges are “reasonable and necessary”. (See, Shapiro v Aetna Cas. & Sur. Co., 73 AD2d 616; East Thirteenth St. Community Assn, v New York State Urban Dev. Corp., 164 Misc 2d 589, 591; Matter of Abdella v Scribner, 75 Misc 2d 800, 802.) This includes the cost of reproducing the record and briefs by offset printing (see, CPLR 5529; Lipton v Mitchell, 145 Mise 2d 444, 445) or even by use of a copy machine in the attorney’s office, if supported by invoices or other proof to substantiate the cost of such reproduction (see, Arkin v Sunshine, 43 Misc 2d 849).
Here, there is no question that the amounts were “reasonable” both in terms of copying and binding. The reasonableness of the charges (25 cents per page for copying and $1 per copy for binding) was not challenged, which distinguishes the factual situation here from that in Arkin v Sunshine (supra). Nor is there any dispute as to the number of copies or pages, nor that they were “required” for the appeal. While payment was not actually made, the proof is undisputed that defendant is responsible for personal use of office equipment, albeit after hours, and must repay the sum upon recovery from his adversary. No proof to the contrary has been submitted that these expenses were not “actually incurred” so as to entitle defendant to recoup them as part of his taxable disbursements. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C8301:l, at 19Í.) The speculation to the contrary by plaintiffs counsel is insufficient for that purpose.
Insofar as concerns the cost of securing an undertaking to stay execution of the judgment pending appeal, plainly, this is a taxable disbursement, expressly covered by CPLR 8301 (a) (11) (see, Lipton v Mitchell, supra, at 445).
Undisputed on this record is that defendant borrowed $41,672.29 from a friend, Jeffrey Feinman, who testified at the hearing. I find Mr. Feinman to have been most credible in all material respects. He appeared as a man of significant means, who, while he had not been in a bank in many years, and was amazed that people still endorsed their own checks or prepared their own deposit slips, did maintain diverse accounts, each with six or seven figures. He testified that he intended to do a favor for a friend, by a simple loan at an interest rate equivalent to the rate he would have received on his margin account, and which was significantly less than the rate which would have been accorded to defendant by any financial institution. Clearly, this was an arm’s length transaction. The loan was repaid, with a separate check representing interest at 97/s% *564 ($2,410.88), which was deposited to what Feinman referred to as a petty cash account. All of this was confirmed by documentary proof adduced at the hearing, without any real substantive challenge by plaintiff.
Accordingly, upon the foregoing, and after full consideration of the testimony adduced at the hearing and the exhibits admitted in evidence thereat, the application to vacate the bill of costs, or for a remand to the clerk for a retaxation of costs, is denied in all respects.